UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES A. GREEN,
207 13th Street, NE
Washington, DC 20002
202-546-3321 phone,

    Plaintiff,

vs.

LAWRENCE M. SMALL, Secretary,
Smithsonian Institution,
1000 Jefferson Drive SW
Washington DC 20560-0012

    Defendant.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

CASE NUMBER   1:05CV01055

JUDGE: Ellen Segal Huvelle

DECK TYPE: Employment Discrimination

DATE STAMP: 05/26/2005

Jury Trial Demanded

## Complaint

Plaintiff, James A. Green, *pro se*, brings this action against the above named Defendant, his employees, agents, and successors in office, and in support states, alleges, and avers as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this civil action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et. seq. to correct unlawful employment practices on the bases of gender (male) and reprisal for having engaged in protected EEO activity. This action seeks appropriate relief to Plaintiff, who has been adversely affected by such discriminatory practices. Defendant discriminated against Plaintiff when he was subjected to a hostile work environment based upon his gender (male) and placement on AWOL, suspension and termination from federal employment based on his gender


RECEIVED
MAY 0 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and protected EEO activity.

2. Plaintiff is a male formally employed as a federal civil service employee at the Smithsonian Institute, located in Washington, DC. Throughout his employment, the plaintiff was a victim of gender-based discrimination and harassment, deliberate harassment, an intimidating work environment, a hostile work environment, unfair and unequal treatment, severe mental anguish, retaliation for reporting and protesting work place harassment, AWOL and suspension wrongful termination for participation in EEO activity.

3. The unlawful employment practices of the Defendant complained of herein have adversely affected the terms, conditions, and privileges of the plaintiff's employment thus violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

## JURISDICTION

4. Jurisdiction of this Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

5. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

6. Costs and Attorney's Fees may be awarded pursuant to 42 U.S.C. § 2000e-5(g).

## VENUE

7. Venue is appropriate under 28 U.S.C. § 1391(e) (1)(2) because the defendant, Lawrence Small, is an officer of the United States, and all acts alleged occurred within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has exhausted his administrative remedies.

9. On or about December 28, 2001, Plaintiff requested EEO counseling in accordance with 29 CFR 1614.105(a).

10. Plaintiff proceeded through EEO counseling, and filed a formal Complaint in accordance with 29 CFR 1614.106, et seq.

11. Plaintiff requested a hearing before an EEOC Administrative Judge, who issued a Decision on January 25, 2005.

12. The Agency issued a Final Agency Decision (in some jurisdictions called a "right to sue" letter for Federal employees)("FAD") pursuant to 29 CFR 1614.110.

13. The FAD was served upon Plaintiff by mail on February 7, 2004 (See Exhibit 1 and hand-changed date on page 5).

14. This Complaint is filed timely within 90 days of receipt of the February 7, 2005 FAD, pursuant to 29 CFR 1614.407(a).

15. Plaintiff received the FAD on or about February 10, 2005. Therefore this Complaint is timely if filed on or before May 11, 2005.

## PLAINTIFF

16. Plaintiff is James A. Green, a male United States Citizen, residing in the District of Columbia during all relevant times of this action.

## DEFENDANT

17. Defendant, Lawrence Small is the Secretary of the Smithsonian Institution, and is named in his official capacity as the head of the Smithsonian Institution.

18. At all relevant times the Defendant was an employer within the meaning of 42 U.S.C. § 2000e(a) and 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

19. Ms. Kim Workman-Parker, System Administrator, Office of Protection Services, was Plaintiff's supervisor from about early 2000 until June 2003, when he went out.

20. Plaintiff experienced and complained about a continuous hostile work environment based upon his gender, which, *inter alia*, included a number of instances of physical touching.

21. In particular, Workman-Parker subjected Plaintiff to sexual harassment, which created a hostile work environment. In addition to severe and pervasive instances which occurred on a nearly daily basis and which were unwelcome and offensive, on a number of occasions, including but not limited to August 31, 2000, June 7, August 22 and December 21, 2001 and January 8, 2002, she attempted to and did grab Plaintiff's genitals and/or touched him in an inappropriate and unwelcome manner.

22. Complainant did, also experience gender-based tangible losses including

    a. Kim Workman Parker's removal of job duties and job projects within the time period of August of 2000 through June of 2002; and

    b.      The agency's unlawful placement of Complainant on AWOL, suspension and termination in June of 2002.

23.    Complainant also alleges that retaliation for his protesting illegal gender discrimination, and for filing an EEO Complaint, was the proximate cause of the following tangible losses:

    a.      Kim Workman Parker's removal of job duties and job projects within the time period of August of 2000 through June of 2002, following Mr. Green's complaints of discrimination to management and following his eventual informal complaint in December of 2001; and

    b.      The agency's unlawful placement of Complainant on AWOL, suspension and termination in June of 2002.

24.    Mr. Green's first contact with an EEO counselor was December 28, 2001, but Plaintiff also complained to his Manager, Douglas Hall on a number of occasions to report and complain about the aforementioned harassment and touching. These attempts to complain about sexual harassment with his management chain before complaining to the EEO office qualify as seeking EEO counseling as well.

25.    Plaintiff saw a male employee with his fly open standing near Workman Parker's desk with her seated.

26.    Workman Parker made Plaintiff get her breakfast from McDonalds.

27.    Workman Parker made Plaintiff pick up her lunch.

28.    When Plaintiff complained about Workman Parker treating him in a

demeaning way, she retaliated by: 1) reducing communication; 2) holding off on providing necessary information; 3) instructing Plaintiff to do security checks on the phone; and taking away his duties.

29. James Green observed Workman Parker groping Chris Williams. He then observed them on the floor wrestling. He told Workman Parker to "stop," as she was kissing and biting Chris Williams. Kim Workman Parker laughed and returned back to her office.

30. Workman Parker was walking in front of James Green and swung her arms and her hand touched his private parts, on a number of occasions. Kim Workman Parker refused to stop after Plaintiff asked her to stop this behavior.

31. Plaintiff suffered migraines due to stress from the incident. Plaintiff's doctor has him on strong medicine.

32. Plaintiff lost promotions due to these events, since Workman Parker gave him lowered evaluations due to his refusal to cooperate with her sexual harassment, his protesting sexual harassment and his filing an EEO complaint.

33. Plaintiff received improper job assignments due to these events.

34. Workman Parker gave Plaintiff a physical hug at holiday time, pressing her breast(s) against his body.

35. Workman Parker approached Plaintiff at his desk in or about January 2002, reached across him for a phone and pressed her breast(s) against his body.

36. These physical touchings, and all physical touchings, were unwanted and offensive to Plaintiff.

37. Plaintiff complained about having to retrieve her food and Workman Parker stated "remember I write your evaluations," with a smile.

38. Other employees, including Chris Williams, observed Kim Workman Parker touch Plaintiff's private parts.

39. Other employees, including Chris Williams, observed Plaintiff protest when Workman Parker touched Plaintiff's private parts.

40. The atmosphere at the office was intensely and pervasively sexual, which the Plaintiff found to be offensive and unwanted, including sexual jokes and touching, Workman Parker sitting on men's laps, giving massages, etc.

41. Kim Workman Parker removed job duties and job projects from the Plaintiff within the time period of August of 2000 through June of 2002, following Plaintiff's protesting her sexual harassment of him. This activity increased after his complaints of discrimination to management and following his eventual informal complaint in December of 2001.

42. The Agency placed Complainant on AWOL, gave him a suspension and terminated him, all beginning in June of 2002.

**Count I – Hostile Work Environment (Sexual Harassment, Retaliation)**

43. Plaintiff incorporates and realleges all of the allegations contained in the foregoing paragraphs.

44. The actions of the Agency, by and through Plaintiff's Supervisor, Kim Workman Parker, constituted unlawful sexual harassment.

45. The Agency, by and through Workman Parker, created and perpetuated a hostile work environment for the Plaintiff on the basis of his gender (male).

46. The hostile work environment, physical touching and intense, severe and pervasive sexuality at the office were offensive and unwanted by the Plaintiff.

47. Plaintiff suffered damages from the hostile work environment and physical touching.

48. Plaintiff was subjected to an objectively and subjectively hostile working environment by Defendant.

49. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's gender.

50. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's prior protected activity.

51. The aforementioned events were severe and pervasive.

52. The aforementioned events created an objectively abusive working environment.

53. Creation, allowing and perpetuation of the hostile work environment (gender, retaliation) and other disparate measures regarding Plaintiff's employment that were taken and allowed by Defendant were violative of Title VII.

54. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

55. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, depression and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute in an amount to be determined;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just.

### Count II - Retaliation

56. Plaintiff adopts and incorporates by reference each and every allegation set

forth in the previous paragraphs as if the same were set forth in full in this Count.

57. Plaintiff engaged in protected EEO activity when he protested illegal discrimination directly to Kim Workman Parker.

58. Plaintiff engaged in protected EEO activity when he protested illegal discrimination directly to Doug Hall.

59. Plaintiff engaged in protected EEO activity when he filed an informal EEO complaint in December 2001.

60. Plaintiff engaged in protected EEO activity when he filed a formal EEO complaint.

61. Defendant took actions in retaliation for Plaintiff's protected EEO activities.

62. Defendant's actions in retaliating against Plaintiff because of his EEO activity constitutes discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiffs legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to pay an award of back pay and fringe benefits and/or front salary and benefits to the Plaintiff;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute in an amount to be determined;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just.

### Demand for Jury Trial

Plaintiff requests a trial by jury on all matters so triable.

Respectfully Submitted

_____
JAMES A. GREEN,
207 13th Street, NE
Washington, DC 20002
202-546-3321 phone

Note:

This Complaint was prepared with the assistance of an attorney admitted in this court, as follows:

Michael J. Snider, Esq.
Law Offices of Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax