**Smithsonian Institution**

Office of Equal Employment and Minority Affairs

February 4, 2005

Mr. James Anthony Green
c/o Mike J. Snyder, Esq.
Snyder & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

                Re:    James Anthony Green
                      SI Case Nos. 02-12-022502, 02-24-090402
                      EEOC No. 100-2003-7058X

Dear Mr. Green:

     By communication received January 31, 2005, the EEOC provided the Smithsonian with its January 19, 2005, Decision in the referenced complaints. The purpose of this letter is to provide you with the enclosed Final Order, which is issued by the Smithsonian pursuant to 29 CFR §1614.110(a). You will note that the Final Order also sets out your appeal rights and attaches EEOC Form 573, *Notice Of Appeal/Petition*.

     Should you have any questions, please contact Ms. Karen Margensey of my staff at (202) 275-0145, or write to the Smithsonian Institution Office of Equal Employment and Minority Affairs, P.O. Box 37012, Victor Building, Suite 8100, MRC 921, Washington, D.C. 20560-7012.

                                Sincerely,

                                  Era L. Marshall, Director
                                  Office of Equal Employment
                                  and Minority Affairs

Enclosure

cc:    Mr. James Anthony Green (with enclosure)
        207 13th Street, N.E.
        Washington, D.C. 20002

        Richard W. Furcolo, Administrative Judge (with enclosure)
        Washington Field Office, Equal Employment Opportunity Commission
        1800 L Street, NW, Suite 100
        Washington, DC 20507

        James J. McLaughlin, Director, OPS (with enclosure)

        Office of General Counsel (with enclosure)



FILED
MAY 2 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1055

RECEIVED
FEB 1 0 2005
By_____ RT

750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921
202.275.0145 Telephone
202.275.2055 Fax



# Smithsonian Institution

Office of Equal Employment and Minority Affairs

James Anthony Green,
Complainant,

v.

Lawrence M. Small, Secretary,
Smithsonian Institution,
Agency

SI Case No. 02-12-022502
SI Case No. 02-24-090402
EEOC No. 100-2003-7058X
EEOC Appeal No. 01A40185

## FINAL ORDER

### Statement of Claims

Whether, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2000e-15, the Complainant was discriminated against upon the basis of his sex (male) when his supervisor subjected the Complainant to sexual harassment which created a hostile work environment on August 31, 2000, June 7, 2001, August 22, 2001, December 21, 2001, and January 8, 2002. (SI Case No. 02-12-022502)

Whether, in violation of Title VII, the Complainant was subjected to reprisal (prior EEO activity) when the Complainant was charged with being Absent Without Leave (AWOL) on June 24 and 25, 2002. (SI Case No. 02-24-090402)

### Procedural History

The formal complaint of discrimination, which alleges discrimination on the basis of sex (male) as alleged by James Anthony Green (the Complainant), was filed on Februrary 25, 2002 (SI Case No. 02-12-022502). The complaint was accepted and the Report of Investigation (ROI) was transmitted to the Complainant on July 15, 2002, along with notice of his right to elect a hearing before an administrative judge of the Equal Employment Opportunity Commission (EEOC) or to an immediate Final Agency Decision (FAD) without a hearing. The Complainant elected a hearing.

The Complainant subsequently filed a complaint alleging unlawful reprisal on September 9, 2002, which was accepted for investigation (SI Case No. 02-24-090402). On

750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921
202.275.0145 Telephone
202.275.2055 Fax

FILED
MAY 2 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1055

February 27, 2003, the ROI was distributed to the Complainant and to his representative along with notice of his right to elect a hearing before an administrative judge of the EEOC or to an immediate FAD without a hearing. The Complainant elected a hearing and his complaints were consolidated under EEOC No. 100-2003-7058X.

On August 29, 2003, the Smithsonian received an Order, issued on August 18, 2003, by EEOC Administrative Judge Rebecca L. Dickinson (AJ). In the Order, the AJ dismissed the consolidated complaints (EEOC No. 100-2003-7058X) pursuant to the EEOC regulations found at 29 C.F.R §1614.109(f)(3). Pursuant to 29 C.F.R. §1614.110(a), the Smithsonian issued a Final Order that fully implemented the August 18, 2003, Order. The Complainant timely appealed the Final Order to the Office of Federal Operations (OFO), EEOC.

OFO's decision in EEOC Appeal No. 01A40185, issued on June 24, 2004, reversed the Smithsonian's Final Order and directed the Smithsonian to request a hearing before an EEOC AJ. On July 23, 2004, the Smithsonian transmitted the complaint files and ROIs to the Washington Field Office for assignment to an AJ for hearing. AJ Richard W. Furcolo held a hearing on December 6 and 7, 2004.

On January 19, 2005, the AJ issued a Decision on the consolidated complaints (*Decision*), which entered judgment for the Smithsonian. With regard to the first issue, the AJ determined that "[t]here is no competent evidence that Complainant viewed any contested workplace behavior here as "unwelcome," at least not until his work performance was called into question...." (*Decision* at 9) The AJ did not find that the total of competent evidence presented at the hearing or through affidavits demonstrated that the conduct complained of rose to a level that would be actionable as sufficiently severe or pervasive under applicable law. (*Decision* at 10) He determined that the questionable conduct here, while arguably periodic and infelicitous, did not take place continuously throughout the workday and that "it is abundantly clear that the alleged incidents of inappropriate touching of Complainant [by his supervisor]...never occurred." (*Decision* at 11)

Concerning the Complainant's second claim, the AJ found that the Smithsonian's actions "were reasonable and not in retaliation for participating in protected EEO activity." He determined that the explanations provided are legally sufficient to justify a judgment for the Smithsonian; and that the Complainant has offered, and the record contains, no evidence of pretext. (*Decision* at 13)

### Statement of Implementation

In light of the foregoing, the Smithsonian states that it will fully implement the AJ's Decision of January 19, 2005.

### Statement of Relief

Since the Smithsonian determines that it will fully implement the AJ's Decision, no relief is awarded.

3

## Statement of Notice and Rights

With regard to the Complainant's right to appeal the Smithsonian's final action to EEOC, 29 CFR §1614.403 states in pertinent part:

(a) The Complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P. O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile [(202) 663-7022]. The appellant should use the attached EEOC Form 573, *Notice of Appeal/Petition*, and should indicate what is being appealed.

(b) The appellant shall furnish a copy of the appeal to the opposing party [Era L. Marshall, Director, Office of Equal Employment and Minority Affairs, Smithsonian Institution, P.O. Box 37012, Victor Building, Suite 8100, MRC 921, Washington, D.C. 20013-7012] at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c) If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d) Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

With respect to the filing of an appeal, 29 CFR §1614.402 provides, in pertinent part:

(a) Appeals must be filed within 30 days of receipt of the dismissal, final action or decision.

(b) If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

With respect to claims of discrimination and retaliation based on race, color, religion, national origin, sex, handicap and age, the Complainant has the right to file a civil action in an appropriate U.S. District Court. If the Complainant chooses to file a civil action, the Complainant may do so:

- Within 90 calendar days of receipt of this final decision if no appeal has been filed;

- After 180 calendar days from the filing date of the Complainant's complaint if an appeal has not been filed and a final decision has not been issued;

- Within 90 calendar days of receipt of the Commission's final decision on appeal; or

- After 180 calendar days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Please be advised that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that the Complainant receives this decision. To ensure that the Complainant's civil action is considered timely, the Complainant is advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date the Complainant receives this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which the Complainant's action would be filed.

The Complainant is further notified that if the Complainant files a civil action, THE COMPLAINANT MUST NAME THE PERSON WHO IS THE OFFICIAL AGENCY HEAD AS THE DEFENDANT. Agency means the national organization, and not the local office or installation in which the Complainant might work. DO NOT NAME JUST THE AGENCY. The Complainant must also state the official title of the Agency head. Failure to provide the NAME OR OFFICIAL TITLE of the Agency head may result in the loss of any judicial redress to which the Complainant may be entitled. The head of the Smithsonian Institution is **Lawrence M. Small, Secretary.**

Filing a civil action will terminate EEOC's processing of the Complainant's appeal.

If the Complainant decides to file a civil action under Title VII or under the Rehabilitation Act, and if the Complainant does not have or cannot afford the services of an attorney, the Complainant may request that the court appoint an attorney to represent the Complainant and that the court permit the Complainant to file the action without payment of fees, costs, or other security. **The granting or denial of the request is within the sole discretion of the court.** Filing a request for an attorney does not extend the Complainant's time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN EITHER THIRTY (30) OR NINETY (90) CALENDAR DAYS of the date the Complainant receives the Commission's decision.

February 4, 2005  
Issue Date

Era L. Marshall, Director  
Office of Equal Employment  
and Minority Affairs

Enclosure: EEOC Form 573

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received this Final Order within five calendar days after the date it was sent postage prepaid via *certified mail, return receipt requested*. I certify that on *February 7, 2005*, I sent this Final Order, via certified mail, return receipt requested, postage prepaid to

        James Anthony Green
        c/o Mike J. Snyder, Esq.
        Morris E. Fischer, Esq.
        Snyder & Fischer, LLC
        104 Church Lane, Suite 201
        Baltimore, MD 21208

        James Anthony Green
        207 13th Street, N.E.
        Washington, D.C. 20002

        Richard W. Furcolo, Administrative Judge
        Washington Field Office
        Equal Employment Opportunity Commission
        1800 L Street, NW, Suite 100
        Washington, DC 20507

*/s/ Karen E. Margensey*
Karen E. Margensey
Office of Equal Employment and Minority Affairs