UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1055(ESH) |
| | ) | |
| LAWRENCE M. SMALL, Secretary, | ) | |
| Smithsonian Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant Lawrence M. Small, Secretary of the Smithsonian, by his undersigned attorneys, hereby moves for an order granting this motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  In this Title VII case, plaintiff has failed to file a timely complaint.  In support of this motion, the Court is referred to the accompanying memorandum of points and authorities.  A draft order reflecting the requested relief is also attached.

1

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851


*Of Counsel*:
Rachelle V. Browne Bar # 416228
Assistant General Counsel
Smithsonian Institution
1000 Jefferson Drive, S.W.
Washington, D.C. 20560-0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1055(ESH) |
| | ) | |
| LAWRENCE M. SMALL, Secretary, | ) | |
| Smithsonian Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, a former Systems Administrator in the Smithsonian's Office of Protection Services, alleges that the Smithsonian Institution discriminated against him based on his sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). He further alleges that he was subjected to a hostile work environment as a result of sexual harassment and was retaliated against when he filed an EEO complaint. For the reasons set forth below, plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12b(6). Plaintiff failed to file a timely complaint and has forfeited his right to pursue his claim under Title VII of the Civil Rights Act of 1964. Plaintiff did not file his complaint within the ninety-day statutory limit specified by 42 U.S.C. §2000e-16(c), made applicable to his claim by 29 U.S.C. § 794a. Therefore, this case should be dismissed with prejudice.

I. Factual Background

Plaintiff, a former Systems Administrator employed by the Smithsonian's Office of

Protection Services, filed this suit claiming violations of Title VII by the Smithsonian Institution.

He alleges that he was subjected to sexual harassment, leading to a hostile work environment, on

five separate days from August 2000 through January 2002. Plaintiff also claims the agency

retaliated against him when it charged him with absent without leave on two days in June 2002

and ultimately terminated his employment. Compl. ¶ 1, 21 and 23(b).

Plaintiff filed two internal complaints of discrimination based on sexual harassment and

unlawful reprisal. The defendant's EEO officer consolidated and processed the claims. Reports

of Investigation were prepared and transmitted to the plaintiff who elected a hearing before an

EEOC administrative judge. Compl. ¶ 11. On January 19, 2005, the EEOC administrative judge

issued his decision, entering judgment in favor of the Smithsonian. Exh. 1 of Compl.

On February 7, 2005, the Smithsonian issued its final agency decision dated February 4,

2005. Compl. ¶13. Plaintiff received the final agency decision on February 10, 2005. Compl.

¶13. Accordingly, Plaintiff–as he well acknowledges–should have filed his complaint with this

Court on or before May 11, 2005. Compl. ¶15. However, Plaintiff did not file his Complaint

until May 26, 2005, or at least fifteen days outside of the ninety-day period from the date of

receipt of the final agency decision. Clerk's Stamp, Compl., p. 1.


II. <u>STANDARD OF REVIEW</u>

A plaintiff in an employment discrimination case is ordinarily entitled to a <u>de novo</u>

hearing on his claims in district court, <u>Chandler v. Roudebush</u>, 425 U.S. 840 (1976). When

considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine

whether the plaintiff has alleged sufficient facts in his complaint to state a cause of action.

4

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court must accept all well-pleaded facts as

true.  Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985).  "However,

the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the

facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of

factual allegations."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994).  If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief," the Court must dismiss the complaint.

Conley, 355 U.S. 45-46.  Generally, the Court should not consider matters beyond the pleadings

without converting the motion for summary judgment.  See Fed. R. Civ. P. 12(b)(6).


III.  ARGUMENT

A.  Plaintiff's Complaint Should Be Dismissed Because It Was Not Timely Filed

        Plaintiff's complaint should be dismissed because it was not timely filed.   After

receiving the final adverse decision from the Smithsonian on or before February 10, 2005, he

failed to file this Complaint within the ninety-day period specified by 42 U.S.C. § 2000e-16(c).

This provision applies to suits against the Smithsonian and is a necessary predicate to a Title VII

suit.[1]  See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89 (1990).

_____

        [1]Section 794a states in part:
                The remedies, procedures, and rights set forth in section 717 of the Civil Rights
                Act of 1964 (42 U.S.C. 2000e-16), including the application fo sections 706(f)
                through 706(k) (42 U.S.C. 2000e-5(f) through (k)), shall be available, with
                respect to any complaint under section 791 of this title, to any employee or
                applicant for employment aggrieved by the final disposition of such complaint, or
                by the failure to take final action on such complaint.  29 U.S.C. 794a(a)(1).

5

Congress intended the time period specified in § 2000e-16(c) as the limitation period in which it would waive sovereign immunity.  Soriano v. United States, 352 U.S. 270 (1957). Under well-established Supreme Court precedent, failure to comply with the time limitation set forth in § 2000e-16(c) may be fatal.  See Brown v. General Services Administration, 425 U.S. 820, 835 (1976); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants.")

In accordance with this well-settled principle of law, this Court has routinely applied the ninety-day requirement to bar belatedly-filed employment discrimination claims absent compelling reasons for equitable tolling.[2]  E.g., Smith Dalton, 971 F. Supp. 1, 2-3 (D.D.C. June 24, 1997) (dismissing as untimely pro se Title VII complaint filed on the 91st day); accord, Tyler v. Henderson, 2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely Title VII claims filed on the 94th day), aff'd, 2001 WL 1297501 (D.C. Cir. 2001).  Furthermore, the Court of Appeals routinely affirms such dismissals.  Smith-Haynie v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1998) (affirming grant of summary judgment where Title VII action was filed on the 92nd day).

This civil action was filed on May 26, 2005, at least 105 days after plaintiff received the final agency decision.  Plaintiff acknowledges in his complaint that the deadline for filing

_____

[2]Equitable tolling of the ninety-day time limit is permissible only in narrowly tailored circumstances.  Irwin, 498 U.S. at 95-96.  In Irwin, the Supreme Court held that: "federal courts have extended equitable relief only sparingly . . . .  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights."  Id. at 96.  See also Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (court's power to toll statute of limitations should "be exercised only in extraordinary and carefully circumscribed instances.").

this complaint was on May 11, 2005.  Compl. ¶ 15.  Plaintiff received the final agency decision

on or before February 10, 2005.  See McKay v. England, 2003 U.S.Dist. LEXIS 5179, 55 Fed. R.

Serv.3d 169 (D.C. 2003) (ninety days time period begins to run from the date that the employee

or the employee's attorney received the final order, whichever was sooner).  Additionally, the

decision explained that a federal civil action must be filed within ninety days of its receipt, as

required by 42 U.S.C. § 2000e-16(c).  See Exh. 1 of Compl.  Yet, plaintiff ignored the clear

statutory guidelines.

      Plaintiff filed this suit beyond the statutory time limit and has no apparent basis to

claim that his case falls within the narrow circumstances allowing equitable tolling.  See Saltz v.

Lehman, 662 F.2d 207, 209 (D.C. Cir. 1982) (plaintiff bears burden to establish justification

supporting equitable tolling).  Consequently, the Court should dismiss this complaint in its

entirety.

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss should be granted and

plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____

MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851


*Of Counsel*:
Rachelle V. Browne Bar # 416228
Assistant General Counsel
Smithsonian Institution
1000 Jefferson Drive, S.W.
Washington, D.C. 20560-0012

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,                                    )
                                                   )
                        Plaintiff,                 )
                                                   )
            v.                                     ) Civil Action No. 05-1055(ESH)
                                                   )
LAWRENCE M. SMALL, Secretary,                  )
        Smithsonian Institution,                   )
                                                   )
                        Defendant.                 )
_____           )

<u>ORDER</u>

Upon consideration of defendant's motion to dismiss, it is this _____ day of

_____, 2005,

ORDERED that defendant's motion to dismiss is granted; and it is further

ORDERED that this case is dismissed from the docket of this Court with prejudice.


                                    _____
                                    ELLEN SIGAL HUVELLE
                                    UNITED STATES DISTRICT JUDGE

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Motion to Dismiss and its supporting

Memorandum of Points and Authorities to be served by first-class mail, postage prepaid, on

August 15, 2005, on

**James A. Green**
**207 13th Street, N.E.**
**Washington, D.C.  20002**

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
501 3rd Street, N.W.
Washington, D.C. 20001
(202) 305-4851