UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,

    Plaintiff,

        v.                           Civil Action No. 05-1055 (ESH)

LAWRENCE M. SMALL,
Secretary, Smithsonian Institution,

    Defendant.

## MEMORANDUM OPINION and ORDER

This matter is before the court on consideration of defendant's motion to dismiss the complaint. Having considered defendant's motion and the record of this case, the court will deny the motion.[1]

Pursuant to 42 U.S.C. § 2000e-16(c), a person who opts to file a lawsuit challenging an agency's Final Agency Decision ("FAD") on an employment discrimination claim must file his complaint in district court within 90 days of his receipt of the FAD. Defendant moves to dismiss the complaint on the ground that plaintiff failed to file this action timely. *See* Def.'s Mot. at 5-6.

---

[1] Ordinarily, the court would issue an order advising the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this court when a defendant files a dispositive motion. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). The order also would direct plaintiff to file an opposition or other response to the motion by date certain. In this case, the allegations of plaintiff's complaint and the court's official records provide sufficient information, and the court will rule on the motion without plaintiff's further input.

1

Defendant issued the FAD on February 4, 2005. Compl., ¶ 13 & Ex. 1. Plaintiff received the FAD on or about February 10, 2005. *Id.*, ¶ 15. Hence, the 90-day filing period ended on May 11, 2005.

The official court record shows that the Clerk of the Court received plaintiff's complaint and application to proceed *in forma pauperis* on May 9, 2005, a date within the 90-day statutory period.[2/] The court granted plaintiff's application to proceed *in forma pauperis* on May 18, 2005. *See* Dkt. #2. The Clerk officially filed the complaint and application on the court's docket on May 26, 2005. *See* Dkt. #1-2. While May 26, 2005 fell beyond the 90-day statutory filing period, the time between the Clerk's receipt of the complaint and application to proceed *in forma pauperis* and court's ruling on the application is tolled. *See Washington v. White*, 231 F.Supp.2d 71, 75 (D.D.C. 2002).

Plaintiff is not responsible for the lapse of time between submission of his complaint and application to proceed *in forma pauperis* to the Clerk and the official filing of these papers on the docket. The Court does not penalize a plaintiff for any delay caused by its own internal administrative processes. *See Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C. 1997) (administrative delay for correction of deficiencies in application to proceed *in forma pauperis* irrelevant to issue of timeliness of filing Title VII complaint); *Guillen v. National Grange*, 955 F.Supp. 144, 145 (D.D.C. 1997) (tolling 90-day limitations period upon presentation of complaint accompanied by petition to proceed *in forma pauperis*).

---

[2/] Plaintiff apparently attempted to file his papers after the Clerk's office had closed on Friday, May 6, 2005. The reverse side of the original complaint, maintained in the Court's jacket, was stamped "received" on May 6, 2005. A second date stamp, in the lower left corner of the first page of the complaint, shows that the documents were "received" by the Clerk on May 9, 2005, the next business day. *See* Dkt. #1.

Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss [Dkt. #9] is **DENIED**.

**SO ORDERED**.

                                                      _____s/_____
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

Date:  August 17, 2005