UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1055(ESH) |
| | ) | ECF |
| LAWRENCE M. SMALL, Secretary, | ) | |
| Smithsonian Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Lawrence M. Small, Secretary of the Smithsonian Institution ("defendant"), in his official capacity, through counsel, hereby answer the Complaint filed by plaintiff James A. Green, as follows:

**ANSWER**

1.    Defendant admits that this matter is brought pursuant to Title VII of the Civil Right Act of 1964. The remainder of the allegations in this paragraph are denied.

2.    Defendant admits that plaintiff is male. Plaintiff states in this paragraph that he is "formally employed" as a federal civil service employee. He is no longer employed by the Smithsonian. To the extent plaintiff intended to aver that he was formerly employed by defendant Agency, located in Washington, D.C., admit. The remainder of the allegations in the paragraph are denied.

3.    Paragraph 3 states conclusions of law, to which no response is required. To the

1

extent that the allegations in this paragraph may be deemed allegations of fact,

Defendant denies the allegations.

4.      Admit.

5.      Defendant admits that the Court has jurisdiction to award compensatory damages,

but denies that plaintiff is entitled to compensatory damages.

6.      Defendant admits that the Court has jurisdiction to award costs and fees, but

denies that plaintiff is entitled to costs and attorney's fees.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     Defendant admits that plaintiff requested a hearing before an EEOC

Administrative Judge.  Defendant denies that the decision was issued on January

25, 2005.

12.     Admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.    Defendant admits that plaintiff complained to the EEO about physical touching, but only after receiving a negative performance appraisal.  The remainder of the allegations in this paragraph are denied.

21.    Deny.

22.    (a) Deny.

       (b) Deny.

23.    (a) Deny.

       (b) Deny.

24.    Defendant admits that plaintiff contacted an EEO counselor.  The remainder of the paragraph is denied.

25.    Deny.

26.    Deny.

27.    Deny.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Defendant is without sufficient knowledge about plaintiff's health history to either admit or deny.  Defendant denies any causal connection, "due to stress from" the alleged incident.

32.    Deny.

33.    Deny.

34.    Defendant admits that Ms. Workman Parker gave plaintiff a hug at the office

3

holiday party.  The remainder of the allegations in this paragraph are denied.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

39.    Deny.

40.    Deny.

41.    Deny.

42.    Defendant admits that it suspended plaintiff for two days for having been absent without leave.  Plaintiff's termination was changed to a resignation as a result of a settlement agreement reached during Merit System Protection Board proceedings.

43.    Defendant incorporates all answers contained in the foregoing paragraphs.

44.    Paragraph 44 states conclusions of law, to which no response is required.  To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

45.    Paragraph 45 states conclusions of law, to which no response is required.  To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

46.    Paragraph 46 states conclusions of law, to which no response is required.  To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

47.    Deny.

48.     Deny.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Paragraph 55 states conclusions of law, to which no response is required.  To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

54.     Deny.

55.     Deny.

WHEREFORE, Defendant prays that the case be dismissed with prejudice.

56.     Defendant adopts and incorporates its forgoing answers in the previous paragraphs.

57.     Deny.

58.     Deny.

59.     Admit.

60.     Admit.

61.     Deny.

62.     Paragraph 62 states conclusions of law, to which no response is required.  To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

WHEREFORE, Defendant prays that the case be dismissed with prejudice.

## AFFIRMATIVE DEFENSES AND PRAYER FOR RELIEF

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has failed to exhaust his administrative remedies as required by law.

### Third Defense

Defendant's actions with respect to the claims asserted in the Complaint were in full compliance with applicable law and regulations.

### Fourth Defense

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

### Fifth Defense

Even if plaintiff's allegations were true, they would not amount to a hostile work environment or to a claim cognizable under *Brown v. Brody,* 199 F.3d 446 (D.C. Cir.1999).

### Sixth Defense

Plaintiff elected to proceed in other fora on the matter of his termination, and entered into a voluntary settlement agreement.  Therefore, he is precluded from raising these matters here.

### Seventh Defense

The Complaint is barred by the applicable Statute of Limitations, including, but not limited to, 29 C.F.R. §1614 et seq, in that plaintiff has failed to make a timely forty five (45) day EEOC contact with respect to some or all of his claims and to that extent this Complaint is barred as a matter of law.

WHEREFORE, the Defendant prays that Plaintiff take nothing by way of her Complaint

and Judgment be given to the Defendant thereon and that:

1.      Defendant receive attorney's fees and costs of suit incurred in this action; and

2.      Defendant receives such other and further relief and remedies as may be just and

proper.

**JURY DEMAND**

Defendant denies the need for a jury trial.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

*Of Counsel*:
Rachelle V. Browne Bar # 416228
Assistant General Counsel
Smithsonian Institution
1000 Jefferson Drive, S.W.
Washington, D.C. 20560-0012

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Defendant's Answer and Affirmative

Defenses to Plaintiff's Complaint to be served by first-class mail, postage prepaid, on August 26,

2005, on

**James A. Green**
**207 13th Street, N.E.**
**Washington, D.C.  20002**

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
501 3rd Street, N.W.
Washington, D.C. 20001
(202) 305-4851

8