UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES A. GREEN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|        v. ) | Electronic Case Filing |
| ) | Civil Action No. 05-1055 |
| LAWRENCE M. SMALL, ) | (ESH) |
| Secretary, Smithsonian Institution,) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**

Pursuant to Fed. R. Civ. P. 15(a), defendant moves for leave to amend its Answer to correct three inadvertent errors in the original Answer filed August 26, 2005. Defendant's Memorandum of Law in Support of this Motion, proposed Amended Answer, and proposed Order are submitted herewith. Pursuant to Local Rule 7m, the parties have conferred and plaintiff's counsel does not oppose this motion.

                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 305-4185

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,                        )
                                       )
     Plaintiff,                        )
                                       )
          v.                           ) Electronic Case Filing
                                       ) Civil Action No. 05-1055
LAWRENCE M. SMALL,                     )            (ESH)
Secretary, Smithsonian Institution,)
                                       )
     Defendant.                        )
```

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

    Defendant seeks leave, pursuant to Federal Rule of Civil Procedure 15(a), to amend its Answer to correct some inadvertent errors on the grounds that, at this early stage of the case, no prejudice to plaintiff will occur by allowing such amendment, no delay will be caused, and the interests of justice will be served.

    Plaintiff, a former systems administrator in the Smithsonian Institution's Office of Protection Services, filed this action, claiming discrimination on the basis of sex in violation of Title VII of the Civil Right Act of 1964, as amended, in May 2005. Defendant's Answer to the Complaint was filed on August 26, 2005. Defendant's Local Civil Rule 16.3(d) Report was filed on or about September 8, 2005. Counsel for plaintiff entered his appearance on September 16, 2005. The Initial Scheduling Conference for this case is scheduled for November 1, 2005. No discovery

requests have been served by either party.

The Answer contains the following errors:

(1)  Although defendant specifically asserted the affirmative defense that plaintiff failed to exhaust his administrative remedies as required by law (Answer at p. 6, Second Defense), defendant inadvertently admitted the allegation of plaintiff's Complaint at numbered paragraph 8 which asserted "Plaintiff has exhausted his administrative remedies." Defendant's proposed Amended Answer corrects this inconsistency by admitting exhaustion with respect to the two issues litigated before the EEOC only.  These issues are 1) whether plaintiff was discriminated against based upon his sex when he allegedly was subjected to harassing incidents on a few occasions and 2) whether the agency retaliated against plaintiff when charged with AWOL on two occasions.  Defendant denies the remainder of the paragraph, in all other respects.

(2)  The second inadvertent error appears in the Answer at paragraph 42.  Plaintiff, in fact, was not suspended, and therefore that particular allegation should have been denied. Defendant's proposed Amended Answer corrects this error by denying this allegation at paragraph 42 of the Complaint.

(3)  The third inadvertent error is in the Answer at paragraph 18.  The Smithsonian Institution is not an employer

within the meaning of 42 U.S.C. §2000e(a) and 42 U.S.C. §2000e(b), and therefore this allegation should not have been admitted.  Alternatively, since paragraph 18 of the Complaint sets forth conclusions of law, no response was necessary.  In any event, plaintiff's averment is incorrect.  The Smithsonian's coverage under Title VII derives solely from 42 U.S.C. §2000e-16.  The Workforce Investment Act of 1998, Pub. L. No. 105-220112 Stat. 936 (1998), amended this section specifically to add the Smithsonian Institution to Title VII's coverage.

(4) The fourth inadvertent error is defendant's admission to some of the allegations of paragraph 7 of the Complaint.  Venue in this district court is proper under 42 U.S.C.§2003-5(f)(3), not 28 U.S.C.§1391(e).  Lawrence M. Small is not an officer of the United States.  Defendant Small is the Secretary of the Smithsonian Institution, a trust instrumentality of the United States.  In this capacity, he is the proper party defendant.

(5)  Defendant's Seventh Defense incorrectly refers to untimely "EEOC contact."  The reference should be corrected to untimely "contact with an EEO counselor."

(6)  The remaining factual errors defendant seeks to correct concern dates.  Plaintiff's first contact with an EEO counselor occurred on February 14, 2002, not December 28, 2001, and therefore plaintiff's allegation should have been denied. (Answer and proposed Amended Answer at ¶9)  The EEOC's decision

was issued on January 19, 2005, not on January 25, 2005 as plaintiff alleged. (Answer and proposed Amended Answer at ¶11) Ms. Workman-Parker was plaintiff's supervisor until September 2002, not until June 2003, as plaintiff alleged. (Answer and proposed Amended Answer at ¶19)

Rule 15(a) provides in relevant part that "a party may amend the party's pleading only by leave of court or by the written consent of the adverse party; and leave shall be freely given when justice so requires." It is well-settled that the grant of leave to amend a pleading is within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795 (1971). Rule 15(a) directs the district court to determine the propriety of amendment on a case by case basis, using "a generous standard." Harris v. Secretary, U.S. Department of Veteran Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997). That "generous standard," as articulated by the Supreme Court, is:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

Applying the Foman factors to the circumstances of this

case, amendment of the Answer should be permitted because no undue delay will result, defendant is not acting in bad faith or with a dilatory motive, this is defendant's first request to amend its pleading, plaintiff will suffer no prejudice by allowing the amendment, and the amendment is not futile.

For all the foregoing reasons, justice requires that defendant's motion for leave to amend the Answer be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 305-4185

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2005, I caused the foregoing Motion for Leave to Amend Answer and all supporting documents to be served on Plaintiff's Counsel, via electronic mail.

                                                   S/

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530