```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,                       )
                                      )
     Plaintiff,                       )
                                      )
        v.                            ) Electronic Case Filing
                                      ) Civil Action No. 05-1055
LAWRENCE M. SMALL,                    )               (ESH)
Secretary, Smithsonian Institution,   )
                                      )
     Defendant.                       )
```

### AMENDED ANSWER

Defendant Lawrence M. Small, Secretary of the Smithsonian Institution, through counsel, hereby answers the Complaint as follows:

1.  Defendant admits that this matter is brought pursuant to Title VII of the Civil Rights Act of 1964. The remainder of the allegations in this paragraph are denied.

2.  Defendant admits that plaintiff is male. Plaintiff states in this paragraph that he is "formally employed" as a federal civil service employee. He is no longer employed by the Smithsonian. To the extent plaintiff intended to aver that he was formerly employed by defendant Smithsonian, located in Washington, D.C., admit. The remainder of the allegations in this paragraph are denied.

3.  Paragraph 3 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the

allegations.

    4.   Admit.

    5.   Defendant admits that the Court has jurisdiction to award compensatory damages, but denies that plaintiff is entitled to compensatory damages.

    6.   Defendant admits that the Court has jurisdiction to award costs and fees, but denies that plaintiff is entitled to costs and attorney's fees.

    7.   Defendant denies that venue is appropriate under 28 U.S.C.§1391(e), and that defendant Lawrence M. Small is an officer of the United States.  Defendant avers that venue is proper in this district pursuant to 42 U.S.C.§2000e-5(f)(3). Defendant further avers that Lawrence M. Small, in his official capacity as Secretary of the Smithsonian Institution, a trust instrumentality of the United States, is the proper party defendant.

    8. Defendant admits exhaustion with respect to the two issues litigated before the EEOC only.  These issues are 1) whether plaintiff was discriminated against based upon his sex when he allegedly was subjected to harassing incidents on a few occasions and 2) whether the agency retaliated against plaintiff when it placed plaintiff on AWOL.  Defendant denies the remainder of the paragraph, in all other respects.

    9.   Deny.  Plaintiff's first contact with an EEO counselor

occurred on February 14, 2002.

    10.    Admit.

    11.    Defendant admits that plaintiff requested a hearing before an EEOC Administrative Judge.  Defendant denies that the decision was issued on January 25, 2005.  The decision was issued on January 19, 2005.

    12.    Admit.

    13.    Admit.

    14.    Admit.

    15.    Admit.

    16.    Admit.

    17.    Admit.

    18.    Deny.

    19.    Admit that Ms. Workman-Parker was plaintiff's supervisor until September 2002, and otherwise deny.

    20.    Defendant admits that plaintiff complained to the EEO about physical touching, but only after receiving a negative performance appraisal.  The remainder of the allegations in this paragraph are denied.

    21.    Deny.

    22.    (a) Deny.

            (b) Deny.

    23.    (a) Deny.

            (b) Deny.

24. Defendant admits that plaintiff contacted an EEO counselor. The remainder of the paragraph is denied.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Defendant is without sufficient knowledge about plaintiff's health history to either admit or deny. Defendant denies any causal connection, "due to stress from" the alleged incident.

32. Deny.

33. Deny.

34. Defendant admits that Ms. Workman Parker gave plaintiff a hug at the office holiday party. The remainder of the allegations in this paragraph are denied.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Defendant admits that plaintiff was absent without leave ("AWOL"). Defendant denies that it suspended plaintiff. Plaintiff's termination was changed to a resignation as a result of a settlement agreement reached during Merit System Protection Board proceedings.

43. Defendant incorporates all answers contained in the foregoing paragraphs.

44. Paragraph 44 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

45. Paragraph 45 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

46. Paragraph 46 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Paragraph 55 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

54. Deny.

55. Deny.

WHEREFORE, defendant pray that the case be dismissed with prejudice.

56. Defendant adopts and incorporates its foregoing answers in the previous paragraphs.

57. Deny.

58. Deny.

59. Deny.

60. Admit.

61. Deny.

62. Paragraph 62 states conclusions of law, to which no response is required. To the extent that the allegations in this paragraph may be deemed allegations of fact, defendant denies the allegations.

WHEREFORE, defendant prays that the case be dismissed with prejudice.

**AFFIRMATIVE DEFENSES**

<u>First Defense</u>

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has filed to exhaust his administrative remedies as required by law.

### Third Defense

Defendant's actions with respect to the claims asserted in the Complaint were in full compliance with applicable laws and regulations.

### Fourth Defense

The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

### Fifth Defense

Even if plaintiff's allegations were true, they would not amount to a hostile work environment or to a claim cognizable under Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999).

### Sixth Defense

Plaintiff elected to proceed in other fora on the matter of his termination, and entered into a voluntary settlement agreement. Therefore, he is precluded from raising these matters here.

### Seventh Defense

The Complaint is barred by the applicable statute of limitations, including, but not limited to, 29 C.F.R. §1614 *et*

*seq.,* in that plaintiff failed to make timely (45 day) contact with an EEO counselor with respect to some or all of his claims and to that extent this Complaint is barred as a matter of law.

WHEREFORE, the defendant prays that plaintiff take nothing by way of his Complaint and judgment be given to defendant thereon and that:

(1) Defendant receive attorney's fees and costs of suit incurred in this action; and

(2) Defendant receive such other and further relief and remedies as may be just and proper.

### JURY DEMAND

Defendant denies the need for a jury trial.


Respectfully submitted,
/s/
_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 305-4185

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2005, I caused the foregoing Amended Answer to be served on Plaintiff's Counsel, via electronic mail.

                                                                _____S/_____

MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530