## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

James A. Green,                          *

Plaintiff,                               *

v.                                       *      Civil Action No. 05-1055 (ESH)
                                                Date: December 5, 2005
Lawrence M. Small, Secretary             *
Smithsonian Institution
                                         *

Defendant.                               *
*     *     *     *     *     *     *     *     *     *     *     *

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFNDANT'S MEMORANDUM IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff, James A. Green, by his undersigned counsel from The Law Offices of

Snider & Associates, LLC, responds in opposition to Defendant's Motion to Dismiss and

For Partial Summary Judgment and Memorandum In Support of Defendant's Motion To

Dismiss and For Summary Judgment (hereafter, Defendant's Motion For Summary

Judgment) to state the following:

Plaintiff properly exhausted his administrative remedies with regard to all of his claims
before this Court.

1.  Defendant's Statement of Material Facts As To Which There Is No Genuine Dispute

    (attached to Defendant's Memorandum) is factually incorrect. Plaintiff's contact with

    an EEO counselor was determined by the Agency to be February 14, 2002[1]. This

---

[1] He also complained about workplace harassment in December, 2001 with management personnel at the Agency. See June 24, 2004, EEOC decision in Green v. Small, Appeal No. 01A40185, Agency No. 02-12-022502, Agency No. 02-24-090402 (which involved Plaintiff's claims of unlawful reprisal by the Agency when it placed Plaintiff on AWOL status on June 24 25, 2002.) On January 19, 2005, an EEOC administrative judge (Richard Furcolo) decided these claims on the merits against Plaintiff, stating that Plaintiff had not produced sufficient evidence of disparate treatment by the Agency. Id at p. 10.

contact dealt in part with his claims of ongoing and continuous unlawful sexual harassment and reprisal discrimination by his supervisor, Kim Workman Parker (hereafter, KWP) since August, 2000.  The EEOC determined from Plaintiff's pre-hearing report that Plaintiff alleged, *inter alia,* that he was "subjected to sexual harassment by Defendant's employee (KWP) on August 31, 2000, June 7, 2002, August 22 and December 2001; and January 8, 2002, when (KWP) grabbed Plaintiff's genitals and/or touched him in an inappropriate manner; and when (KWP) subjected Plaintiff to reprisal when he was charged with AWOL on June 24 and 25, 2002.  *Green v. Small*, p. 4 (EEOC case No. 100-A3-7058X), Agency No. 02-12-022502 and (EEOC case No. 01A40185) (Agency No. 02-24-090402) (June 24, 2004) (consolidated cases). In 100-A3-7058X, Complainant specifically alleged that he was "subjected to a hostile work environment from August 2000 through September, 2002" and that he "suffered stress and aggravation of the employment related stress during the period August 31, 2000 through September, 2002". Attached as Plaintiff's Exhibit 1.

2. Administrative exhaustion was met in this case because the [14 February 2002] EEO claims involved Plaintiff's allegations of ongoing and continuous sexual harassment and discrimination by the Agency. *See, e.g.*, *Shepard v. Adams*, 670 F. Supp. 22, 24 (D.D.C. 1987) (cited in) *Norman v. Gannett Co., Inc.*, 852 F. Supp. 46, 50 (D.D.C. 1994), (plaintiff must show that at least one incident of harassment occurred within the limitation period to state continuing violations of unlawful discrimination). It is well settled that Plaintiff's claims of retaliation <u>do not require</u>

administrative exhaustion. *Baker v. Library of Congress*, 260 F.Supp.2d 59, 65-66

(D.D.C. 2003) (cases cited therein omitted). *See Bell v. Gonzales, Et Al.*, ---

F.Supp.2d ----, 2005 WL 691865, p. 3-5 (D.D.C. 2005).The Agency should be denied

its Motion To Dismiss for Plaintiff's alleged  failure to exhaust administrative

remedies over his claims of retaliation.

Res judicata should not apply to Plaintiff's claims of unlawful termination or constructive
discharge because insufficient facts are before the Court to determine whether Plaintiff's
prior settlement agreement with the Agency now bars Plaintiff from making any of the
claims he is asserting in this Court.

3.  Plaintiff's case at the MSPB regarded the Agency's alleged claims of Plaintiff's

excessive absences and failure to follow leave procedures. Nowhere in this

settlement agreement is any language contained referencing any of the issues

involving Plaintiff's EEO case in this Court. Nowhere in the settlement agreement is

any language contained providing that Plaintiff agreed to voluntarily waive his rights

to pursue any other past, present, or future remedies he may have had against the

Agency, nor is there any language at all about Plaintiff's allegations of unlawful

sexual harassment and discrimination. Nowhere in the EEO investigation of

Plaintiff's claims is any discussion or investigation of any of the facts related to any

of the terms and conditions of Plaintiff's settlement agreement. Under current federal

law, Plaintiff's settlement agreement pursuant to his MSPB appeal should not be

barred under res judicata principles. *Greene v. Rumsfeld*, 266 F.Supp.2d 125, 135-

136 (D.D.C. 2003). Settlement Agreement Attached as Plaintiff's Exhibit 2.

Standard of review for Settlement Agreements

4.  This Court has held in Greene, *supra*, that the party asserting the existence of an

    enforceable contract bears the burden of proof on the issue of contract formation.

    (*citing*) *Novecon Ltd. v. Bulgarian Am. Enter. Fund*, 190 F.3d 556, 564

    (D.C.Cir.1999).  State contract law governs the enforcement of settlement

    agreements. See *Makins v. District of Columbia*,  277 F.3d 544, 547 (D.C.Cir.2002).

    The Defendant therefore carries the burden of proving that the parties' agreement

    satisfies the elements of an enforceable contract under District of Columbia law in

    this case. *Novecon,* 190 F.3d at 564.

5.  Settlement agreements are highly favored by the courts.  *See,e.g., Schneider v.

    Dumbarton Developers*, Inc., 767 F.2d 1007, 1015 (D.C.Cir.1985) (*citing*) *Williams v.

    First Nat'l Bank*, 216 U.S. 582, 595, 30 S.Ct. 441, 54 L.Ed. 625 (1910).  Settlement

    of Title VII claims is particularly encouraged, given the "strong [congressional]

    preference for encouraging voluntary settlement of employment discrimination

    claims." *Carson v. Am. Brands*, 450 U.S. 79, 88 Fn. 14. Not surprisingly, "[d]ecisions

    emphasizing the preferred role of settlements under Title VII are legion."  *Stewart v.

    Rubin*, 948 F.Supp. 1077, 1086 (D.D.C.1996) (*quoting*) *Luevano v. Campbell*, 93

    F.R.D. 68, 85 (D.D.C.1981).

6.  In the District of Columbia, an enforceable contract exists when there is an

    agreement as to all the material terms and an intention of the parties to be bound.

    *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001).  Accordingly, the

    parties to a settlement agreement "must intend the words and acts which constitute

4

their manifestation of assent." *Simon v. Circle Assocs., Inc.*, 753 A.2d 1006, 1012 (D.C.2000).  Mutual assent "is most clearly evidenced by the terms of a signed written agreement, but such a signed writing is not essential to the formation of a contract.  The parties' acts at the time of the making of the contract are also indicative of a meeting of the minds."  *Davis v. Winfield,* 664 A.2d 836, 838 (D.C.1995); see also *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1301 (D.C.Cir.2002).

7.  If there is a dispute as to the interpretation of a contract, the court's "first step ... is determining what a reasonable person in the position of the parties would have thought the disputed language meant." *Sagalyn v. Found. for Pres. of Historic Georgetown*, 691 A.2d 107, 111 (D.C.1997) (*quoting*) *Intercounty Constr. Corp. v. District of Columbia,* 443 A.2d 29, 32 (D.C.1982). "[A]lthough extrinsic evidence of the parties' subjective intent may be resorted to only if the document is ambiguous, extrinsic evidence may be considered to determine the circumstances surrounding the making of the contract so that it may be ascertained what a reasonable person in the position of the parties would have thought the words meant." (*quoting*) *Christacos v. Blackie's House of Beef, Inc.*, 583 A.2d 191, 194 (D.C.1990).

8.   "The objective reasonable person assessing the contract's language is presumed to know all the circumstances before and contemporaneous with the making of the agreement ... and extrinsic evidence is admissible to determine the nature of those circumstances." (*quoting*) *Patterson v. District of Columbia,* 795 A.2d 681, 683 (D.C.2002). *But see, Johnson v. Ashcroft,* 2005 WL 2064095 1, 3-6 (D.D.C. 2005)

(slip copy) (Plaintiff's two settlement agreements barred Plaintiff from filing similar claims for constructive discharge in federal court that involved facts and issues that were referenced and settled by the parties in the agreement).

9.  Res judicata would apply in this case only if the Plaintiff agreed by settlement to be foreclosed from litigating all the legal issues he could have or should have previously litigated against Defendant, and/or, if the Plaintiff received a final judgment on the merits of an action, that Plaintiff now seeks to re-litigate against Defendant, under a different theory or cause of action. *Id.* at p. 3. Neither fact has occurred in this case.

10. As stated *supra*, none of the relevant, genuine and material facts in this case allow for res judicata to apply here. Plaintiff alleged in his complaint that the Agency allowed an unwanted and unwelcome workplace environment of sexual harassment to exist, and his claims of hostile work environment were based on the issues decided at the administrative juncture of his case. Since the Agency has now filed summary judgment over a portion of those claims, the Court should view Plaintiff's allegations in the light most favorable to him as the non-movant and deny Defendant's Motion for Summary Judgment. It cannot be reasonably stated at this juncture that Plaintiff has not stated sufficient facts in his complaint to show prima facie evidence of the Agency's unlawful perpetuation of a hostile work place environment. *See, e.g., Bell, ____ F. Supp. 2d at ___,* 2005 WL 691865, at p. 3-5, 9-12.

11.  Plaintiff's counsel prays this Court to allow him discovery pursuant to Fed. R. Civ.

Proc., Rule 56(f)[2]. This will allow Plaintiff the ability to seek limited discovery in order

to (1) investigate and review the entire MSPB record and (2) depose any relevant

parties to this case in order to fully determine and/or to dispel any disputes by the

parties over the terms and conditions of Plaintiff's settlement agreement with the

Agency.  Without knowing the exact details of Plaintiff's settlement agreement with

the Agency, it cannot be reasonably said that Plaintiff manifested an intent to

voluntarily settle any and all of his EEO claims at the MSPB. *Simon*, 753 A.2d at

1012. Granting Plaintiff's need for discovery pursuant to Rule 56(f) will clarify for this

Court all of the essential facts and issues related to, and/or, involving the terms and

conditions of the parties' settlement agreement, and its relation, if any, to the facts

and issues in this case. Attached Rule 56(f) declaration of Plaintiff's counsel as

Plaintiff's Exhibit 3.

Plaintiff's former employment record should remain under seal at this time

12. As stated *supra*, Plaintiff is unable to fully determine all of the relevant details of his

prior settlement agreement with the Agency at the MSPB.  His employment record

was apparently sealed pursuant to that agreement. This Court should grant

discovery to Plaintiff's counsel  pursuant to Rule 56(f), and allow Plaintiff a proper

opportunity to discover any facts he will need to properly respond to Defendant's

request to unseal his personnel file.

---

[2]  Rule 56(f) provides: Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Summary judgment is inappropriate at this juncture of the case.

13. Summary judgment is appropriate only when "there is no genuine issue as to any material fact, and … the moving party is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(c). The movant bears the initial burden of proving that there is "no genuine issue". *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once that burden has been met, the non-movant must "go beyond the pleadings and … designate 'specific facts showing that there is a genuine issue for trial'… In considering a summary judgment motion, a court is to believe "[t]he evidence of the non-movant … , and all justifiable inferences are to be drawn in [his] favor." (*citing*) *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, (1986). Additionally, the D.C. Circuit recognizes that "[i]n employment discrimination cases, summary judgment 'must be viewed with special caution because intentional discrimination…[is] difficult for a Plaintiff to establish.' *Lutes v. Golden*, 62 F. Supp.2d 118, 122 (D.C. Cir 1999) (*citing*) *Plummer v. Safeway*, Inc., 1995 WL 129100 1 (D.C. Cir 1995) (citations omitted). The court in Lutes noted that if the non-moving party supports their allegation or denials through affidavits or other competent evidence that sets forth specific facts to show that a genuine issue for trial exists, summary judgment should not be granted. *See Lutes*, 62 F. Supp. at 122. Based on the foregoing reasons, discovery over material, disputed, relevant and genuine facts must be allowed to occur prior to any judicial ruling in this Court. Fed. R. Civ. Proc. Rule 56(f). *See Paquin v. Federal Nat. Mortg. Ass'n*, 119 F. 3d 23, 28 (D.C. Cir. 1997)**.** The Court should deny Defendant's Motion For Summary Judgment.

**WHEREFORE, AND FOR ALL THE FOREGOING REASONS**, Plaintiff respectfully

prays this Court to deny Defendant's Motion for Summary Judgment.

Respectfully Submitted,

/s/

_____

**Michael J. Snider, Esq.**
**Ari Taragin, Esq.**
**Jeffery C. Taylor, Esq.**
**Jacob Schnur, Esq.**
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
(410) 653-9060 phone
(410) 653-9061 fax
jeff@sniderlaw.com email

Certificate of Service

I hereby certify that on 5 December 2005 that I caused the foregoing document with all

exhibits to be served on Defendant's counsel of record by electronic means.

Jeffery C. Taylor