IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **James A. Green,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. 05-1055 (ESH) |
| **Lawrence M. Small, Secretary Smithsonian Institution** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**Declaration of Jeffery C Taylor, Esq.**

I hereby declare under penalty of perjury as follows:

1. I am an adult citizen of the United States and competent to give this declaration.

2. I am a member in good standing of the bar of the United States District Court for the District of Columbia.

3. I have been representing employees in employment discrimination cases since 1996.

4. I have reviewed Defendant's Motion To Dismiss And For Partial Summary Judgment (hereafter, Defendant's Motion For Summary Judgment). I have also consulted and reviewed the limited documents available from my client.

5. Based upon my review of the above documents and my investigation of Plaintiff's claims, further discovery pursuant to Fed. R. Civ. Proc. 56(f) is

1

       necessary to properly oppose Defendant's Motion For Summary Judgment.

6. For example, Defendant raises the issue of Plaintiff's prior settlement agreement before the Merit Systems Protection Board (hereafter MSPB). Def Motion, p. 3. The totality of circumstances related to this settlement between the parties have not been disclosed, other than the names of the signatories to the agreement, Marilyn Slomba, Office of Human Resources and J.J. McLaughlin, Director, Office of Protection Services.

7. Such facts will be necessary to understand what Plaintiff agreed to settle, whether Plaintiff was adequately represented in his settlement negotiations with the Agency, and any other relevant and germane facts related to this matter. This inquiry is necessary to determine whether the facts of Plaintiff's settlement agreement are relevant to any of the claims he made in his case before the Court.

8. Defendant's Motion relies exclusively on the settlement agreement as reasons to grant Defendant's Motion. The settlement agreement is generalized and does not specify that Plaintiff waived his ability to pursue any of his claims pending before this Court. It is subject to reasonably differing interpretations by reasonable people.

9. Plaintiff's counsel must know exactly all of the details relevant to Plaintiff's resignation and subsequent agreement to settle with the Agency. For example, Plaintiffs' counsel needs to know:

10. Whether Plaintiff received adequate assistance and/or representation during the settlement process? Did Agency officials involved in the settlement negotiations adequately inform Plaintiff about his rights to proceed at the MSPB and/or any other administrative agency? Did Plaintiff understand and voluntary agree to give up valuable rights to litigate his case?

11. This information is not available to Plaintiff from the existing Court record or by means other than discovery pursuant to the Federal Rules of Civil Procedure, Rule 56(f).

12. All of this new discovery is needed to fully rebut the arguments made in Defendant's Motion to Dismiss for Summary Judgment, dated November 1, 2005.

13. Should this Court grant Plaintiff discovery, and/or, deny Defendant's Motion for Summary Judgment, counsel would seek discovery as follows:

**Interrogatories to Marilyn Slomba:**

1. Identify and explain in detail all conversations and contact you have had with James A. Green in 2003, regarding any settlement negotiations or otherwise related to Mr. Green's employment at the Smithsonian Institution in 2003.

2. Explain in detail whether you understood James A. Green was pursuing an EEO claim while his MSPB appeal was also pending in 2003. Identify in detail and explain any discussions you have had with anyone regarding Mr. Green's EEO case in 2003.

3. Explain your role and/or mission for the Agency in 2003. Explain why you were selected to negotiate a settlement agreement for the Agency with James Green in 2003. Explain how the terms and conditions of the settlement agreement were reached.

4. Identify and explain in detail all facts and circumstances leading up to your involvement in discussing settlement negotiations with James A. Green that dealt with his MSPB appeal in August, 2003.

5. Identify and explain in detail all conversations, communications, and all relevant oral and written disclosures you have had with any Agency personnel related to any settlement negotiations between James A. Green and the Agency in 2003.

**Interrogatories to J.J. McLaughlin:**

1. Identify and explain in detail all conversations and contact you have had with James A. Green in 2003, regarding any settlement negotiations or otherwise related to Mr. Green's employment at the Smithsonian Institution in 2003.

2. Explain in detail whether you understood James A. Green was pursuing an EEO claim while his MSPB appeal was also pending in 2003. Identify in detail and explain any discussions you have had with anyone regarding Mr. Green's EEO case in 2003.

3. Identify and explain in detail all circumstances leading up to your involvement in settling James A. Green's case with the Agency before the Merit Systems Protection Board in August, 2003.

4

4.  Explain your role and/or mission for the Agency in 2003. Explain why you were selected to negotiate a settlement agreement with James Green in 2003. Explain how the terms and conditions of the settlement agreement were reached.

5.  Identify and explain in detail all conversations, communications, and all relevant oral and written disclosures you have had with any Agency personnel related to any settlement negotiations between James A. Green and the Agency in 2003.

**Document Discovery**

1.  Provide a copy of all documents, memoranda, notes, wire, electronic data transmissions, and/or any other form of written or transcribed information relied upon in answering the above Interrogatories.

2.  Provide a copy of all documentation relating to the settlement agreement entered into with the Plaintiff, James A. Green, in August, 2003.

**Depositions**

At a minimum, the following people would be deposed:

1.  Ms. Marilyn Slomba, Office of Human Resources
2.  Mr. J. J. Mclaughlin, Director, Office of Protection Services

I hereby declare under penalty of perjury that the foregoing is based upon my personal knowledge and is true and correct.

/s/                                                             5 December 2005
_____          _____
Jeffery C Taylor, Esq.                                  Date