UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )
                                         )        Civil Action No. 05-1055 (ESH)
LAWRENCE M. SMALL,                       )
Secretary, Smithsonian Institution,      )
                                         )
        Defendant.                       )
_____ )

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT

        Defendant's opening brief ("Def. Br.") demonstrated that the bulk of plaintiff's claims

should be dismissed because plaintiff failed to exhaust administrative remedies.  See Def. Br. at

6-13.  Our brief also demonstrated that (i) plaintiff's claim of unlawful termination should be

dismissed because — although plaintiff never acknowledged the fact in his Complaint — he

settled that claim administratively (id. at 13-16); and (ii) his claim of unlawful suspension should

be dismissed because — again, contrary to the allegations in the complaint — plaintiff never was

suspended.  Id. at 16.  Plaintiff's opposition brief ("Pl. Opp.") offers nothing to rebut these

showings; indeed, plaintiff has admitted all of the facts upon which defendant's motion is based.[1]

Application of the law to the uncontested facts leads to one conclusion:  defendant's motion

_____

        [1]Plaintiff did not file a statement of genuine issues in opposition to defendant's motion for
partial summary judgment.  As LCvR 7(h) states: "[i]n determining a motion for summary
judgment, the court may assume that facts identified by the moving party in its statement of
material facts are admitted, unless such a fact is controverted in the statement of genuine issues
filed in opposition to the motion."  See Twist v. Meese, 854 F.2d 1421, 1423-24 (D.C. Cir.
1988); Trawick v. Hantman, 151 F.Supp.2d 54, 58-59 (D.D.C. 2001).  Notwithstanding his
failure to file a statement of genuine issues, plaintiff, seeks discovery to respond to one of the
arguments in defendant's motion.  That request, as explained below, should be rejected.

should be granted.

## I.    PLAINTIFF FAILED TO EXHAUST VIRTUALLY ALL OF THE CLAIMS <u>IN HIS COMPLAINT</u>

Defendant's opening brief made two exhaustion arguments: (i) that plaintiff failed to exhaust all but one of his retaliation claims; <u>see</u> Def. Br. at 9-10; Defendant's Statement Of Material Facts As To Which There Is No Genuine Dispute ("Def. Stmt.") at ¶¶ 11-14; and (ii) that plaintiff failed to exhaust all but one of his hostile work environment claims. <u>See</u> Def. Br. at 10-13; Def. Stmt. at ¶¶ 2-10.

<u>Retaliation Claims</u>.  With respect to the first argument, we explained that a Title VII plaintiff is required to exhaust administrative remedies for each discrete claim of retaliation.  <u>See</u> Def. Br. at 9 (citing <u>AMTRAK v. Morgan</u>, 536 U.S. 101, 105 (2002), and subsequent case law in this District, and also citing <u>Romero-Ostolaza v. Ridge</u>, 370 F.Supp.2d 139, 149 (D.D.C. 2005), and <u>Keeley v. Small</u>, 391 F.Supp.2d 30, 40-41 (D.D.C. 2005)).

Plaintiff does not discuss <u>Morgan</u> or the other relevant cases.  Instead, acknowledging his failure to exhaust, plaintiff contends it is "well settled" that claims of retaliation "<u>do not require administrative exhaustion</u>."  Opp. at 2-3 (emphasis in original).  But plaintiff's own cases make clear that defendant, not plaintiff, has accurately stated the law.  In <u>Bell v. Gonzales</u> (Opp. at 3), the Court, citing <u>Morgan</u>, held squarely that "[a] party must file a charge within the Title VII limitations period for each discrete act of discrimination alleged or lose the ability to recover for it."  <u>See</u> 2005 U.S. Dist. LEXIS 4913 at *11 (Mar. 25, 2005).  The <u>only</u> retaliation claim plaintiff exhausted is his claim that he was charged AWOL on two specific dates as reprisal for filing a complaint with the Smithsonian's Office of Equal Employment & Minority Affairs ("OEEMA").  <u>See</u> Def. Br. at 9-10; Def. Stmt. at ¶¶ 11-14.  His myriad of other retaliation claims (<u>see</u> Def. Br.

-2-

at 9-10) were not exhausted (<u>id.</u>), and plaintiff therefore has "los[t] the ability to recover for

[them]." <u>Bell</u>, 2005 U.S. Dist. LEXIS at *11.

    <u>Hostile Work Environment Claims</u>.  Plaintiff does not dispute – nor could he – that the

only sexual harassment/hostile work environment claim he litigated administratively is his claim

that he was sexually harassed on five specific dates.  <u>See</u> Def. Stmt. at  ¶¶ 2-10.  It is true that,

for claims alleging a hostile work environment (as opposed to a discrete act of retaliation), a

plaintiff may include in a Title VII lawsuit claims that are "'like or reasonably related to the

allegations of the [administrative] charge and growing out of such allegations.'" <u>Bell</u>, 2005 U.S.

Dist. LEXIS at *13.  But there is no basis on which to conclude that the many claims plaintiff

seeks to raise in this action in support of his hostile work environment claim (<u>see</u>, <u>e.g.</u>, Def. Br.

at 10 n.3) are "like or reasonably related to" plaintiff's administrative charge.  Indeed, plaintiff

does not even argue the point.  <u>See</u> Opp. at 2-3.[2]

    Nor could plaintiff make such an argument.  As explained at length in our opening brief

(<u>see</u> <u>id.</u> at 10-12), plaintiff and his representative affirmed — explicitly, implicitly, and at

multiple levels of the administrative process — that OEEMA had correctly defined the scope of

plaintiff's administrative charge as including only the five specific alleged instances of sexual

harassment.  <u>See</u> Def. Stmt. at ¶¶ 2-14.[3]  That is the only hostile work environment claim the

_____

[2]Plaintiff notes, correctly, that, for hostile work environment claims, a court may consider acts outside the filing period for purposes of determining liability so long as an act contributing to the claim falls within the filing period.  <u>See</u> <u>Morgan</u>, 536 U.S. at 117.  But a Title VII lawsuit still is limited to those claims "'like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" <u>Bell</u>, 2005 U.S. Dist. LEXIS at *13.

[3]Plaintiff's argument (Opp. at 2) that he raised an additional instances of sexual harassment in a prehearing report is wrong.  <u>See</u> Def. Br. at 12 n.5.

parties litigated administratively, and the only claim the Equal Employment Opportunity Commission ("EEOC") administrative judge decided.  See Green v. Small, EEOC No. 100-2003-7058X, Decision (January 19, 2005) (attached at Def. Br., Ex. 1).  Plaintiff cannot — and does not — claim that the additional claims he now seeks to raise somehow "grow out of" a charge he expressly limited to five instances of harassment, previously.

"The goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEO would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship."  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995).  Those goals plainly would be frustrated if plaintiff's additional claims were permitted to proceed.  Whether viewed as a matter of exhaustion or waiver (see Def. Br. at 12 n.7), plaintiff should be precluded from raising additional harassment claims in this lawsuit.

## II.    DEFENDANT IS ENTITLED TO JUDGMENT ON ANY CLAIM RELATED TO PLAINTIFF'S REMOVAL

Defendant has established, in his opening brief, that plaintiff's claim based on his removal is barred by principles of res judicata because plaintiff settled his removal claim before the United States Merit Systems Protection Board ("MSPB").  See Def. Br. at 13-16.  Plaintiff does not deny the settlement (his brief attaches the settlement agreement as an exhibit), nor does he contest defendant's articulation of the res judicata standard.  Plaintiff's argument (Opp. at 3) seems to be that the settlement does not cover any claim under Title VII that his removal was retaliatory because the agreement does not specifically mention plaintiff's discrimination allegations.  Plaintiff further seeks discovery under Fed. R. Civ. P. 56(f) to determine whether plaintiff intended to waive any claim that his removal was the product of discrimination.

Plaintiff's arguments are misguided for several reasons.

First, there can be no reasonable dispute that the August 20, 2003 settlement agreement unambiguously settled any potential claim under Title VII that plaintiff was unlawfully removed (the claim plaintiff seeks to raise here). In the appeal form plaintiff submitted to the MSPB, he specifically alleged that his termination violated several anti-discrimination statues, including "42 U.S.C. § 2000e et seq" (i.e., Title VII), and specifically referenced his prior OEEMA complaints (discussed supra Part I) as evidence of the unlawful discrimination. See Petition for Appeal (May 3, 2003), ¶¶ 31.a, 31.b, 31.c, 32.a (attached hereto as Ex. 1). Plaintiff offered no other reason for his belief that his removal was unlawful. See id., ¶¶ 31.a, 31.b.

The settlement agreement between plaintiff and defendant expressly states that "the Appellant and the Smithsonian desire to settle the MSPB appeal without need for further litigation," see Def. Br., Ex. 13 at 1, and provides, as one of its express terms, that plaintiff "withdraws this appeal before the MSPB." (Emphasis added.) See id. at 2. The settlement agreement thus was framed in terms the entire appeal, and did not delineate or distinguish between the specific claims plaintiff was raising. But the "appeal," as noted above, was based solely on plaintiff's allegation that his removal violated several anti-discrimination statutes, including Title VII.

The settlement was approved by an MSPB judge, who, in a written decision dated August 22, 2003, found the agreement lawful on its face and freely and voluntarily entered into. See Def. Br., Ex. 14 at 1-2.[4] As part of that decision, the judge dismissed plaintiff's appeal. See id.

---

[4]The decision also informed plaintiff (i) of his right to appeal and (ii) that the decision would become final on September 26, 2003 absent an appeal. See Def. Br., Ex. 14 at 2. Plaintiff does not contend that he appealed this decision and defendant has no record that he did so.

There can be no question that the settlement — unambiguously and on its face — settled plaintiff's claims that his removal was discriminatory. To conclude otherwise would render the agreement meaningless. Res judicata attached, therefore, for all of the reasons stated in Defendant's opening brief. See Def. Br. at 13-16.

Second, even assuming, arguendo, that the settlement agreement did not cover plaintiff's removal/retaliation claim, that claim was never exhausted. After plaintiff filed his MSPB appeal (but before settling his MSPB case), plaintiff filed an OEEMA complaint challenging the removal on grounds of discrimination (race, sex, disability, and prior EEO activity). See Complaint of Discrimination (July 30, 2003) (attached hereto as Ex. 2). On August 20, 2003, OEEMA dismissed plaintiff's complaint pursuant to 29 C.F.R. § 1614.107(a)(4) because plaintiff already had "raised the matter in an appeal to the MSPB," which, as explained above, he quite plainly had. See Dismissal of EEO Complaint at 1-2 (attached hereto as Ex. 3). The dismissal letter informed plaintiff of his right to appeal the dismissal to the EEOC or to the MSPB. See id. at 3-4. Again, plaintiff does not contend that he appealed this decision and defendant has no record that he did so. Thus, even if the settlement, contrary to fact, did not include plaintiff's claim of retaliatory removal, that discrete claim of retaliation would be subject to dismissal for failure to exhaust under Morgan and the other cases discussed supra p.2.

Third, and finally, plaintiff's request for discovery pursuant to Fed. R. Civ. P. 56(f) should be denied. Plaintiff seeks discovery to "investigate and review the entire MSPB record" and to "depose any relevant parties to the case in order to fully determine and/or to dispel any disputes over the terms and conditions of Plaintiff's settlement agreement." Opp. at 7. Plaintiff plainly does not need discovery to investigate and review the MSPB record; he was a party to the

proceeding.

Plaintiff also does not need discovery to "fully determine" the "terms and conditions of Plaintiff's settlement agreement." That agreement is unambiguous in all relevant respects. <u>See</u> <u>Stewart v. O'Neill</u>, 225 F.Supp.2d 6, 8 (D.D.C. 2002) ("'Where, as here, the language of a contract is clear and unambiguous, the Court will assume that the terms of the contract carry their ordinary meaning.'"). That is: the settlement agreement clearly and unambiguously required plaintiff to dismiss his MSPB appeal; and plaintiff, in his MSPB appeal, clearly and unambiguously alleged that his removal violated Title VII (the same claim he purports to raise here). No amount of discovery can change these facts. <u>See</u> <u>Hudson River Sloop Clearwater, Inc.</u> <u>v. Department of the Navy</u>, 891 F.2d 414, 422 (2d Cir. 1989) (to obtain relief under Rule 56(f), a party must state and make clear what facts are sought and how those facts are reasonably expected to create a genuine issue for trial).

Indeed, neither plaintiff's brief nor his counsel's Rule 56(f) declaration offers any evidence that plaintiff had a different "understanding" of the "terms and conditions" of the settlement. Although plaintiff's subjective understanding could not overcome the clear and unambiguous language of the agreement, it certainly is telling that plaintiff has offered no evidence — whether by declaration or otherwise — that the settlement was <u>not</u> intended to settle his Title VII retaliation/removal claim. It plainly does.


III.     **DEFENDANT IS ENTITLED TO JUDGMENT ON ANY CLAIM**
         **RELATED TO PLAINTIFF'S "SUSPENSION"**

Plaintiff's Complaint alleges that, after plaintiff filed an OEEMA complaint, defendant retaliated and discriminated against plaintiff by suspending him in June 2003. <u>See</u> Compl.

-7-

¶¶ 22.b, 23.b.  Defendant's opening brief demonstrated that, contrary to these allegations, plaintiff never was suspended.  <u>See</u> Def. Br. at 16; Ex. 12 (supporting affidavit).  Plaintiff does not take issue with our argument; his brief, in fact, makes no mention of the suspension issue, and he filed no statement of genuine issues disputing our evidence on the point.  That evidence conclusively demonstrates that plaintiff never was suspended.  <u>See</u> Def. Br., Ex. 12.  Defendant is entitled to judgment on all of plaintiff's suspension-related claims.

## IV.    <u>SHOW CAUSE ORDER</u>

Plaintiff's position with respect to the court's order that he show cause why defendant's motion, memorandum, and supporting exhibits should not be unsealed is difficult to understand.  Plaintiff states (Opp. at 7) that his "employment record was apparently sealed pursuant to" plaintiff's MSPB settlement.  But the settlement, which plaintiff attached as an exhibit to his opposition, provides only that "the facts and terms of the Settlement Agreement and General Release shall be treated as confidential."  Plaintiff's other employment records were not sealed under the agreement.

Plaintiff also contends (Opp. at 7) that defendant has "request[ed] to unseal his personnel file."  Not so.  It was defendant who, out of an abundance of caution, filed his motion, memorandum, and supporting exhibits under seal because of the confidentiality language in the settlement agreement.  Citing the public interest in open judicial proceedings, the Court, at the November 1, 2005 status conference, ordered plaintiff to show cause why defendant's papers should not be unsealed.

Plaintiff's request (Opp. at 7) that he be permitted discovery to ascertain "facts he will need to properly respond to Defendant's request to unseal his personnel file" is, again, difficult to

understand.  Plaintiff's personnel file has not been sealed, and it is hard to imagine what "facts" he would need to take a position on whether defendant's motion, memorandum, and supporting exhibits should be on the public record.

In any event, plaintiff has effectively waived any objection he might have to unsealing the settlement agreement.  He filed it on the Court's public electronic docket as an exhibit to his opposition brief.  See Green v. Small, No. 05-1055, USDC Pacer Dkt. # 24 (Ex. #2).

## CONCLUSION

For all of the foregoing reasons, and those stated at length in defendant's opening brief,

defendant's motion to dismiss and for partial summary judgment should be granted.

Respectfully submitted,

/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286