

# Smithsonian Institution

Office of Equal Employment and Minority Affairs

August 20, 2003

Mr. James A. Green
207 13th Street, N.E.
Washington, D.C. 20002

                Re:  James A. Green - Complainant
                     Office of Protection Services
                     Title VII of the Civil Rights Act of 1964, as amended
                     Rehabilitation Act of 1973, as amended
                     Case No. 03-18-073003

## DISMISSAL OF EEO COMPLAINT

Dear Mr. Green:

      The Office of Equal Employment and Minority Affairs received your formal complaint of discrimination, which was filed on July 30, 2003. Upon careful review of your formal complaint and the EEO Counselor's Report, your claims of discrimination are hereby delineated as follows:

> Whether you were harassed and discriminated against on the basis of your race (African American), color, sex (male), disability, and/or prior EEO activity when, on March 11, 2003, your supervisor issued a Proposal to Remove you from your position, and you were subsequently removed from your position effective April 19, 2003.

      Because the complaint of employment discrimination you filed with this Office concerns an agency action that can be appealed to the Merit Systems Protection Board (MSPB), it is known as a "mixed case complaint" and is subject to specific treatment under 29 CFR Part 1614. A "mixed case appeal" is distinguished from a mixed case complaint in that it is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination.[1] An aggrieved person may initially file a mixed case complaint with an agency or may file a mixed case appeal directly with the MSPB, pursuant to 5 C.F.R. §1201.151, but not both.[2] The regulation found at 29 C.F.R. §1614.107(a)(4) provides that an

---

[1] See 29 C.F.R. §§1614.302(a)(1) and (2).
[2] See 29 C.F.R. §1614.302(b); Gutierrez v. Department of Navy, EEOC Appeal No. 01A23431 (April 30, 2003), Jackson v. Department of Defense, EEOC Appeal No. 01A210016 (April 24, 2003), Dillon v. U.S. Postal Service, EEOC Appeal No. 01981358 (December 23, 1998)(citing Milewski v. U.S. Postal Service, EEOC Request No. 05920429 (June 11, 1992)).

750 Ninth Street, N.W., Suite 8100
Washington, D.C. 20560-0921
202.275.0145 Telephone
202.275.0160 Fax

agency shall dismiss a complaint where the complainant has raised the matter in an appeal to the MSPB.

A review of the record confirms that you first contacted the EEO Counselor on April 15, 2003, and participated in an initial interview on May 23, 2003. On May 23, 2003, the EEO Counselor sent, via certified mail, a memorandum to you, subject: *Employees' Equal Employment Opportunity Rights and Responsibilities Under Title 29 C.F.R. Part 1614,* in which you were advised of your rights relating to mixed case complaints and appeals. The certified return receipt reflects that your then representative received the memorandum on June 10, 2003.[3] On June 12, 2003, you were mailed the *Notice of Final Interview with the EEO Counselor,* which you received on July 15, 2003. By certified mail transmitted to this Office on June 18, 2003, you advised this Office that you were "requesting a hearing at U.S. Merit Systems Protection Board" and referenced the "April 19 action." (Complaint file)

The record further indicates that MSBP received your Form 283, *Appeal Form,* on May 28, 2003. Part III, *Appealed Action,* indicates in item 12 that the agency action you were appealing to the MSPB was the "Decision to Remove." In Part IV of that form, *Appellant's Defenses,* you indicated that you believed the agency had violated the following laws: the Rehabilitation Act of 1973, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964 in connection with your removal. You filed the EEO complaint here under consideration on July 30, 2003, or 63 days <u>after</u> you filed your appeal with the MSPB.

Your complaint also raises claims of harassment which are not independently appealable to the MSPB, but which are "inextricably intertwined" with an appealable action, namely, your removal. EEOC has held that such claim should be raised when the appealable action is presented to the MSPB.[4] Even claims raised in the EEO process prior to the filing of a separate MSPB appeal should be addressed by the MSPB in that appeal, if the EEO claims are inextricably intertwined with the action appealed to the MSPB. Under such circumstances, the EEOC has held that dismissal of the EEO complaint would be proper.[5]

It is determined that the claims raised in your complaint cannot be separated from the issues and events contained in your MSPB appeal. You filed your MSPB appeal more than two months prior to filing your EEO complaint. It is my decision that, because you elected to pursue your claim for relief through the MSPB process, your complaint must be dismissed pursuant to the provisions of 29 C.F.R. §§1614.107(a)(4) and 302(c)(2)(i).[6]

---

[3] During the counseling stage, you had indicated that Mr. Simon Banks, of 1800 Diagonal Road, Suite 600, Alexandria, VA 22314-2840, was representing you; however, on your formal complaint form, you did not indicate that anyone was serving as your representative. (Complaint File)
[4] <u>Stan v. Department of the Air Force</u>, EEOC Request No. 05960266 (May 19, 1998) (citing <u>Mascarenas v. Department of Defense</u>, EEOC Request No. 05920240 (May 18, 1992)).
[5] <u>Gaines v. Department of the Navy</u>, EEOC Request No. 05980813 (October 8, 1998).
[6] MSPB's jurisdiction to hear your appeal is not in question. See <u>Burger, et al. v. U.S. Postal Service</u>, 2003 WL 21800419 (July 30, 2003)(The "existence of Board jurisdiction is the threshold issue in adjudicating an appeal" and ordinarily should be determined before reaching the issue of timeliness. <u>Popham v. U.S. Postal Service</u>, 50 M.S.P.R. 193, 197-98 (1991). The Board may dispose of an appeal as untimely where the record is fully developed on that issue, and "the Board arguably may have jurisdiction." Id. at 197.)

## DECISION

Because you have failed to assert your rights in accordance with the regulations and EEOC guidance set forth above, your claim is hereby dismissed pursuant to 29 CFR §§1614.107(a)(4) and 1614.302(c).

## RIGHT TO APPEAL TO
## THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)

A dismissal of a mixed case complaint is not appealable to the Equal Employment Opportunity Commission (EEOC) <u>except</u> where it is alleged that §1614.107(a)(4) has been applied to a non-mixed case matter.

With regard to your right to appeal to EEOC, 29 CFR §1614.403 states in pertinent part:

(a)  The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P. O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile [(202) 663-7022]. The appellant should use [the enclosed] EEOC Form 573, *Notice of Appeal/Petition,* and should indicate what is being appealed.

(b)  The appellant shall furnish a copy of the appeal to the opposing party [Era L. Marshall, Director, Office of Equal Employment and Minority Affairs, Smithsonian Institution, P.O. Box 37012, Victor Building, Suite 8100, MRC 921, Washington, D.C. 20013-7012] at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c)  If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d)  Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement or brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

With respect to the filing of an appeal, 29 CFR §1614.402(b) provides:

> If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be

calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

You have the right to petition the EEOC to review the Merit System Protection Board's (MSPB) Final Decision on the discrimination issue.

## RIGHT TO APPEAL TO THE MERIT SYSTEM PROTECTION BOARD (MSPB)

If you are dissatisfied with this Agency's Final Decision on the mixed case complaint, you must file a *Notice of Appeal* with the Merit System Protection Board within 30 calendar days after receipt of this Decision.

You may use MSPB's Optional Form 283, *Appeal Form*, and indicate what is being appealed. You must file the appeal with the Board's regional or field office which has responsibility for the geographic area where your duty station was located when the Agency took the action or, if you are appealing a retirement or suitability decision, the geographic area where you live. See 5 C.F.R. Part 1201, Appendix II, and 5 C.F.R. §1201.4(d).

You should also be aware that an individual who has a complaint processed pursuant to 5 CFR Part 1201, subpart E or 29 C.F.R. §1614 subpart C, is authorized by 5 U.S.C. §7702 to file a civil action in an appropriate United States District Court within 30 days of receipt of a Final Decision issued by an agency on a complaint unless an appeal is filed with the MSPB. See 29 C.F.R. §1614.310(a).

Should you have any questions regarding the above, you may contact Ms. Karen Margensey of my staff at the Smithsonian Institution Office of Equal Employment and Minority Affairs, P.O. Box 37012, Victor Building, Suite 8100, MRC 921, Washington, D.C. 20013-7012, or call (202) 275-0154.

Sincerely,

Era L. Marshall, Director
Office of Equal Employment
and Minority Affairs

Enclosures:   EEOC Form 573
              MSPB Optional Form 283, *Appeal Form*

cc:   James J. McLaughlin, Director, Office of Protection Services

      Office of General Counsel

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, April 1992.

2. **AUTHORITY**: 42 U.S.C. §2000e-16.

3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files: (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:                                                    Social Security No.: ___-__-____

3. Name and address of attorney or other representative, if any:

4. Appellant's daytime telephone number (incl. area code):

5. Representative's telephone number (if applicable):

6. Has the appellant filed a formal complaint with his/her agency?

   _____ No       _____ Yes, indicate the Agency's complaint number: _____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

   ____Yes (Indicate the date the appellant RECEIVED it _____, and ATTACH A COPY.)

   ____No

   ____This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?

    ____No  ____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

    ____No  ____ Yes (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative

13. Date:

**NOTICE**: Before mailing this appeal, be sure to attach a copy of the final decision from which you are appealing, if one has been issued. Any comments or brief in support of the appeal **MUST** be filed with the Commission AND with the agency within 30 days of the date this appeal filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001.
**PRIVACY ACT STATEMENT ON REVERSE SIDE.**

FOR EEOC USE ONLY:                                              OFO DOCKET NUMBER:

EEOC FORM 573 REV 4-92

OMB NO 3124-0009



# MERIT SYSTEMS PROTECTION BOARD

## APPEAL FORM
### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. See **5 C.F.R. Parts 1201, 1208,** and **1209.** Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. Complete **Parts I, II, III and V** of this form regardless of the kind of action you are appealing. Complete **Part VI** only if you are appealing an action resulting from a **reduction in force.** You must tell the Board if you are raising an **affirmative defense** (see **Part IV**), and **you are responsible for proving each defense you raise.** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of **whistleblowing activities,** you must complete **Part VII.** If you are requesting a **stay,** you must complete **Part VIII.** If you claim a violation of your rights under the **Uniformed Services Employment and Reemployment Rights Act (USERRA)** or the **Veterans Employment Opportunities Act (VEOA),** you must provide the information required by the Board's regulations at **5 C.F.R. 1208.13 (for USERRA appeals) or 5 C.F.R. 1208.23 (for VEOA appeals).** You may use a separate sheet of paper (please put your name and address at the top of each additional page) or you may include the information in block 31 of Part IV.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area where your duty station was located when the agency took the action or, if you are appealing a retirement or suitability decision, the geographic area where you live. See 5 C.F.R. Part 1201, Appendix II, and 5 C.F.R. 1201.4(d).

**WHEN TO FILE AN APPEAL:** Unless your appeal is covered by a law that sets a different filing time limit, your appeal must be filed during the period **beginning with the day after the effective date,** if any, of the action you are appealing and ending **on the 30th day after the effective date, or within 30 days after the date you receive the agency's decision, whichever is later.** However, if you and the agency mutually agree in writing to try to resolve your dispute through an **alternative dispute resolution process** before you file an appeal, you have an additional 30 days--for a total of **60 days** --to file your appeal. You may not file your appeal before the effective date of the action you are appealing. If your appeal is late, it may be dismissed as untimely. If you are filing a **USERRA appeal,** there is **no time limit** for filing. (see 5 CFR 1208.12). You may not file a **VEOA appeal** with the Board unless you first filed a complaint with the Secretary of Labor and allowed the Secretary at least 60 days to try to resolve the matter; any subsequent appeal to the Board must be filed within **15 days** of the date you receive notice that the Secretary has been unable to resolve the matter (see 5 C.F.R. 1208.22). If you are filing **a whistleblower appeal** after first filing a complaint with the Office of Special Counsel (OSC), your appeal must be filed within **65 days** of the date of the OSC notice advising you that the Special Counsel will not seek corrective action or within **60 days** after the date you receive the OSC notice, whichever is later (see 5 C.F.R. 1209.5). The date of filing is the date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit **two** copies of both your appeal **and** all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. **Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.**

### Part I Appellant Identification

| 1. Name *(last, first, middle initial)* | 2. Social Security Number |
|---|---|
|  |  |

| 3. Present address *(number and street, city, state, and ZIP code)* **You must notify the Board of any change of address or telephone number while the appeal is pending with MSPB.** | 4. Home phone *(include area code)* |
|---|---|
|  | 5. Office phone *(include area code)* |

6. I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief.

Signature of appellant or designated representative        Date signed

Optional Form 283 (Rev 11-00)
MPSB
5 CFR 1201, 1208, and 1209
Page 1

## Part II Designation of Representative

7. You may represent yourself in this appeal or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, **but you must notify the Board promptly of any change**. Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

8. Representative's address *(number and street, city, state, and ZIP code)*.

9. Representative's employer

10.a) Representative's telephone number *(include area code)*

10.b) Representative's facsimile number

11. **Appellant's signature**          Date

## Part III Appealed Action

12. Briefly describe the **agency action** you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's **reconsideration decision.** If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal.

13. Name and address of the agency that took the action you are appealing *(including bureau or other divisions, as well as street address, city, state and ZIP code)*

14. Your position title and duty station at the time of the action appealed

15. Grade at time of the action appealed

16. Salary at the time of the action appealed
$ _____ per _____

17. Are you a veteran and/or entitled to the employment rights of a veteran?
☐ Yes   ☐ No

18. Employment status at the time of the action appealed
☐ Temporary  ☐ Applicant  ☐ Retired
☐ Permanent  ☐ Term       ☐ Seasonal

19. If retired, date of retirement *(month, day, year)*

20. Type of service
☐ Competitive  ☐ SES
☐ Excepted     ☐ Postal Service
☐ Foreign Service

21. Length of government service

22. Length of service with acting agency

23. Were you serving a probationary or trial period at the time of the action appealed?
☐ Yes   ☐ No

24. Date you received written notice of the proposed action *(month, day, year)* *(attach a copy)*

25. Date you received the final decision notice *(month, day, year) (attach a copy)*

26. Effective date of the action appealed *(month, day, year)*

Optional Form 283 (Rev 11/00)
MPSB
5 CFR 1201, 1208, and 1209
Page 2

27. Explain briefly why you think the agency was wrong in taking this action.

28. Do you believe the penalty imposed by the agency was too harsh?
☐ Yes   ☐ No

29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)?

## Part IV Appellant's Defenses

30.a) Do you believe the agency committed harmful procedural error(s)?
☐ Yes   ☐ No

30.b) If so, what is (are) the error(s)?

30.c) Explain how you were harmed by the error(s).

**Block 31 - Violations of Law:** If you use this block to claim a violation of your rights under USERRA or VEOA, you must include the information required by the Board's regulations at 5 C.F.R. 1208.13 (for USERRA appeals) or 5 C.F.R. 1208.23 (for VEOA appeals). DO NOT use this block to claim a violation of the Whistleblower Protection Act; instead, complete Part VII and, if you are also requesting a stay, Part VIII.

31.a) Do you believe that the action you are appealing violated the law?
☐ Yes   ☐ No

31.b) If so, what law?

31.c) How was it violated?

32.a) If you believe you were discriminated against by the agency, **in connection with the matter appealed,** because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true.

32.b) Have you filed a formal discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal?   ☐ Yes (attach a copy)   ☐ No

32.c) If yes, place filed *(agency, number and street, city, state, and ZIP code)*

32.d) Date filed *(month, day, year)*

32.e) Has a decision been issued?
☐ Yes (attach a copy)   ☐ No

| 33.a) Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?  ☐ Yes (attach a copy)   ☐ No | 33. b) Date filed *(month, day, year)* |
|---|---|
| 33.c) If yes, place filed *(agency, number and street, city, state, and ZIP code)* | 33.d) Has a decision been issued?  ☐ Yes (attach a copy)   ☐ No |
| | 33.e) If yes, date issued *(month, day, year)* |

## Part V Hearing

34. You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

**Do you want a hearing?**     ☐ Yes     ☐ No

If you choose to have a hearing, the Board will notify you where and when it is to be held.

## Part VI Reduction in Force

**INSTRUCTIONS**
**Fill out this part only if you are appealing from a Reduction in Force.** Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group | 36. Service computation date | 37. a) Has your agency offered you another position rather than separating you?  ☐ Yes   ☐ No |
|---|---|---|
| 37.b) Title of position offered | 37.c) Grade of position offered | 37.d) Salary of position offered  $_____ per _____ |
| 37.e) Location of position offered | | 37.f) Did you accept this position?  ☐ Yes   ☐ No |

38. Explain why you think you should not have been affected by the Reduction In Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)*

Optional Form 283 (Rev 11/00)
MPSB
5 CFR 1201, 1208, and 1209
Page 4

# Part VII Whistleblowing Activity

### INSTRUCTIONS

Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities. If you filed a complaint with the Office of Special Counsel (OSC) using Form OSC-11 (8/00) before filing this appeal, you may attach a copy of Part 2, Reprisal for Whistleblowing, of the OSC form together with any continuation sheet or supplement filed with OSC. This will give the Board the information requested in blocks 39(a) through (c) below. Please complete the other blocks in this part even if you attach Form OSC-11.

39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety?

☐ Yes (attach a copy or summary of disclosure)   ☐ No

39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made.

39.c) Date the disclosure was made *(month, day, year)*

40. If you believe the action you are appealing was... *(please check appropriate box)*

☐ Threatened   ☐ Proposed   ☐ Taken   ☐ Not Taken

... because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence

41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing?

☐ Yes (attach a copy of your request to the Office of Special Counsel for corrective action)   ☐ No

41.b) If yes, date(s) filed *(month, day, year)*

41.c) Place filed *(location, number and street, city, state, and ZIP code)*

42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel?

☐ *Yes (attach a copy)*   ☐ No

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal?<br><br>☐ *Yes (attach a copy)*   ☐ No | 43.b) If yes, date requested *(month, day, year)* |
|---|---|
| 43.c) Place filed *(location, number and street, city, state, and ZIP code)* | 43.d) Has there been a decision?<br><br>☐ *Yes (attach a copy)*   ☐ No |

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at anytime after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You **may** provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

***Privacy Act Statement:*** *This form requests personal information which is relevant and necessary to reach a decision in your appeal. The Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the Merit Systems Board with all the information essential to reach a decision in your case could result in the rejection of your appeal*

*The Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the Merit Systems Protection Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a database for program statistics.*

***Public Reporting Burden:*** *The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Financial and Administrative Management, Merit Systems Protection Board, 1615 M Street, NW., Washington, DC 20419.*