**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

James A. Green                                    *

Plaintiff,                                             *

v.                                                        *        Civil Action No. 05-1055 (ESH)
                                                                   Date: December 18, 2005
Lawrence M. Small, Secretary          *
Smithsonian Institution
                                                           *

Defendant.                                          *
*        *        *        *        *        *        *        *        *        *        *        *

PLAINTIFF'S SUR REPLY TO
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT

        Plaintiff submits his sur reply in response to Defendant's Reply Memorandum In

Support of Defendant's Motion To Dismiss and For Partial Summary  Judgment

(hereafter, "Defendant's Reply"). Plaintiff's sur reply is being filed to clarify the legal

arguments that Plaintiff made in response to Defendant's Motion To Dismiss and for

Partial Summary Judgment (hereafter, "Defendant's Motion for Summary Judgment") in

this case.

        Contrary to Defendant's legal analysis, Defendant's Reply, pp. 2-4, the relevant

caselaw is well settled that Plaintiff need not administratively exhaust his claims of

hostile work environment, harassment, and retaliation that he alleged in his complaint.

Courts have provided specific guidance on the issues of continuing and ongoing

discrimination. Courts have also distinguished cases specifically dealing with hostile

work environment claims. As Judge Facciola aptly stated and discussed in *Bowie v.

Ashcroft*, 283 F.Supp.2d 25, 34 (D.D.C.,2003):

"Prior to 2002, courts could interpret administrative complaints alleging a pattern of ongoing discrimination to include subsequent, similar acts as long as the employer had notice that its actions were alleged to violate Title VII and the employer had been afforded an adequate opportunity to seek resolution with the aggrieved employee. *Loe v. Heckler*, 768 F.2d 409, 420 (D.C.Cir.1985). Allowing plaintiffs to proceed with such claims was especially sensible when plaintiffs alleged retaliation because they could bring the claims for the first time in federal court without having to re-initiate the administrative process and risk being retaliated against once again. Thus, a Title VII plaintiff who had exhausted her administrative remedy as to a claim of discrimination was not required to exhaust it again before presenting a judicial cause of action that she was retaliated against for filing that claim. *Harrison v. Rubin*, 174 F.3d 249, 254 (D.C.Cir.1999); *Loe v. Heckler*, 768 F.2d 409, 420 (D.C.Cir.1985) (noting that "no purpose would be served by demanding a stream of further administrative pleadings"); *Bonds v. Heyman*, 950 F.Supp. 1202, 1208 (D.D.C.1997); *Webb v. District of Columbia*, 864 F. Supp. 175, 184 (D.D.C. 1994) (stating that "to force an employee to return to the state agency and the EEOC every time he claims a new instance of discrimination in  order to have the courts consider the subsequent incidents along with the original ones would 'erect a  needless procedural barrier'") [*quoting Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973)].  In 2002, however, the Supreme Court held that the Title VII statute of limitations "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (*emphasis added*). The Court was clear in holding that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts **[as opposed to hostile work environment claims]** must file his charge within the appropriate time period." *Id.* at 122, 122 S.Ct. 2061. Given this clear directive, prior cases allowing plaintiffs to file subsequent, similar claims for the first time in federal court simply do not survive Morgan." (emphasis supplied).

In this case, Plaintiff's claims in his federal complaint about ongoing and continuous harassment and hostile work environment are entirely related to and undistinguishable in time, space, and occurrence from his original EEOC complaints. Any issues of administrative exhaustion are inapplicable here. *Id.* Plaintiff timely filed

several of his related claims[1] alleging harassment, retaliation, and hostile work
environment within the EEOC's 45 day window period for processing of administrative
complaints. Defendant's Reply, pp 2-4, concedes that fact, but still seeks summary
judgment over these claims. *See, e.g., Morgan*, 536 U.S. at 117-118. ("It does not
matter, for purposes of the statute, that some of the component acts of the hostile work
environment fall outside the statutory time period. <u>Provided that an act contributing to
the claim occurs within the filing period, the entire time period of the hostile environment
may be considered by a court for the purposes of determining liability</u>".) (emphasis
supplied) (further examples cited by the Court omitted). Defendant conceded that
Plaintiff did in fact file timely claims of ongoing and continuous retaliation, harassment,
and hostile work environment, Defendant's Reply, pp. 2-3, and therefore, Defendant
cannot be granted summary judgment over any of Plaintiff's claims in his complaint
. Defendant's Motion for Summary Judgment over Plaintiff's alleged failure to exhaust
administrative remedies concerning allegations of hostile work environment,
harassment, and retaliation in his complaint must be dismissed as a matter of law[2]. *Id.*

   Plaintiff thoroughly disagrees with Defendant's analyses concerning whether
Plaintiff inadvertently unsealed his settlement agreement in response to Defendant's

---

[1] Defendant disputed practically all of Plaintiff's material, relevant and genuine allegations in his federal
lawsuit because his claims in this Court allegedly did not "grow out of" Plaintiff's prior EEOC claims.
*Defendant's Motion for Summary Judgment, pp. 9-10, Defendant's Reply, pp. 3-4.* Given the Court must
consider all of Plaintiff's factual allegations in his Complaint as true for purposes of granting summary
judgment, Defendant must be denied its motion for summary judgment as a matter of law. Fed. R. Civ.
Proc., 56(c). *See, e.g., Goodman v. Potter* ___ F. Supp. 2d ___, 2005 WL 3446259 1, 2 (D.D.C. 2005).
("If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary
judgment is not available."). (*cases cited omitted*).
[2] Plaintiff refers the Court to the July 10, 2002 Notice of Proposed Suspension issued to him by his
former supervisor. While  Plaintiff was not actually suspended, the Notice of Proposed Suspension is part
and parcel of Plaintiff's claims of being on the receiving end of hostile work environment, harassment, and
reprisal while at the Agency. The Notice of Proposed  Suspension is attached *infra* as Exh. 1.

Motion for Summary Judgment. Defendant's Reply, pp. 8-9. Given Defendant's Motion

disclosed to the Court under seal the terms and conditions of the parties' settlement

agreement, thereby placing this matter into dispute, Plaintiff's subsequent responses, *by*

*default,* were also submitted under seal. *See Chicago Tribune Co. v. Bridgestone/*

*Firestone,* 263 F. 3d 1304, (11th Cir. 2001) (*citing) Mokhiber v. Davis*, 537 A.2d 1100,

1111 (D.C. Ct. App. 1988) (With regard to the manner in which confidential information

is disclosed, "although one "voluntarily forgoes confidentiality when one submits

material for dispute resolution in a judicial forum ... [t]here is no voluntariness, of course,

where one's adversary "makes the submission."). *Id.* Moreover, the federal rules do not

contemplate that any issues related to confidential settlement agreements and/or sealed

documents are automatically within the public domain. *Mokhiber*, 537 A.2d at  1111

(discussing a presumptive right of public access to documents filed with motions and

pleadings as opposed to discovery), and, *Willingham v. Ashcroft*,  355 F.Supp.2d 390,

391-92 (D.D.C. 2005), (discussing the D.C. Circuit's six part test for whether documents

should be kept sealed from public access). In other words, Plaintiff's settlement

agreement was not automatically made a public record simply because Plaintiff

attached it to his Response In Opposition To Defendant's Motion For Summary

Judgment. *Id.* Since Defendant needs clarity about whether Plaintiff's submission of his

settlement agreement was filed under seal, Plaintiff moves the Court to issue a

protective order pursuant to Fed. R. Civ. Proc. 26(b), until the Court decides each of the

pertinent and disputed issues in Defendant's  Motion for Summary Judgment.

CONCLUSION:

      For all of the foregoing reasons and for those Plaintiff argued for in his Response In Opposition to Defendant's Motion To Dismiss and for Partial Summary Judgment, filed December 5, 2005, Plaintiff prays this Court to dismiss Defendant's Motion To Dismiss and for Partial Summary Judgment as a matter of law.

           Respectfully Submitted,

           /s/
           _____
           **Michael J. Snider, Esq.**
           **Ari Taragin, Esq.**
           **Jeffery C. Taylor, Esq.**
           **Jason Weisbrot, Esq.**
           **Jacob Schnur, Esq.**
           Snider & Associates, LLC
           104 Church Lane, Suite 201
           Baltimore, Maryland 21208
           (410) 653-9060 phone
           (410) 653-9061 fax
           jeff@sniderlaw.com email

Certificate of Service

I hereby certify that on 18 December 2005 that I caused the foregoing document with exhibit to be served on Defendant's counsel of record by electronic means.

Jeffery C. Taylor

**EXHIBIT 1**

 Smithsonian Institution                                      Memo

Office of Protection Service
Technical Security Division

Date    July 10, 2002

To      James A. Green
        Systems Administrator

From    Kim Workman-Parker
        Systems Administration

Subject Proposal to Suspend

This is to notify you that I propose to suspend you from work and pay from your
position of System Administrator, GS-080-9, for ten (10) calendar days for your 1) 16
hours of absence without leave (AWOL), 2) failure to follow proper leave procedures
and 3) falsifying an official document.

On Monday, June 24, 2002 and Tuesday, June 25, 2002, you did not report to work, you
failed to notify anyone of your absence or get prior approval by submitting a leave
request form. Therefore, you are charged with 16 hours of AWOL and failure to follow
proper leave procedures.

Late Tuesday afternoon, you called me after speaking with a co-worker, William Holley,
who had contacted you and informed you that nobody knew where you were. You
explained that you had informed David Voyles, Associate Director for Administration,
and me at a meeting on Thursday, June 20, 2002, that you were taking Monday and
Tuesday off.

I disagreed with you and informed you that at the meeting the only mention of leave
was when you said that you would not be here everyday next week, and you wondered
what would happen if you did not accomplish all the tasks on your list. I informed you
that we would move what you had not accomplished to the July 1, 2002 list.

Also during our phone conversation I said that regardless of what you did or did not say
in the meeting you had not submitted a leave slip. You responded that you were aware
of that fact, but I had verbally approved your leave.

At no time during our meeting did you mention dates that you would be absent and at
no time did you submit a leave request form for my approval. According to the TSD
leave policy and the OPS leave policy a leave request form SF71 should be submitted to
your supervisor at least 2 days in advance of taking leave. In addition you did not call in
and request sick leave or emergency annual leave in accordance with the TSD leave
policy for either of these days.

On Friday June 28, 2002, the day timecards were due to the payroll office, you
submitted a copy of a leave request form purportedly dated and approved on June 18,
2002 for the two days you had been marked AWOL. You gave copies of the form to
both the timekeeper and James J. McLaughlin, Deputy Director for Operations. The
requested dates on the leave slip appeared to have been altered and although the
signature on the form was similar to my signature, I had not signed any leave request

Arts and Industries Building  Room 1102
900 Jefferson Drive SW
Washington DC 20560-0409
202.786.2969 Telephone
202.786.9955 Fax

6

form for the days in question, you had acknowledged in our phone conversation on June 25 that you had not submitted a leave slip. Also, the date the form was signed was two days before the meeting where you claimed you verbally informed David Voyles and me of your absence.

Messrs. McLaughlin and Voyles discussed the issue of the leave slip that you presented to McLaughlin and the timekeeper with me. The three of us compared the signature on the document that you presented with other leave request forms that I had signed for you and for other employees on or around the same date. Then, Messrs. McLaughlin and Voyles questioned you about the leave request form and the location of the original document. You claimed that you could not submit the original because I had it and you had done nothing wrong. It was determined that you falsified the document in question to cover your absence.

In proposing this action, I have considered your eleven (11) years of service with the Smithsonian and your previous disciplinary history. On January 9, 2002, you were issued a confirmation of counseling for violation of OPS policy, Employees Responsibilities and Conduct (OPS-05). On March 12, 2002, you were issued a letter of reprimand for violation of the Technical Security Division leave policy. As an employee with tenure, you know the proper procedure for requesting leave. In view of your repetition of these same offenses so soon after receiving the reprimand and considering the additional charge of falsifying an official document, it appears that a more severe disciplinary action is necessary to correct your misconduct. Therefore, I believe that your misconduct warrants a ten (10) day suspension.

I warn you that it is your personal responsibility to prevent any recurrence of misconduct, and advise you that a more serious disciplinary action, up to and including removal, will very likely result from such a recurrence.

If you believe that a personal problem has contributed to or caused your misconduct, please take advantage of the Smithsonian Institution's Employee Assistance Program (EAP). You may do this by contacting Debbie Burney, Karen Howard, or Steve Neslen. They are counselors located in the South Quadrangle Building, Room 3046A, telephone number 357-3099. They will maintain the confidentiality of any conversation you choose to have with them. If you ask to visit a counselor on work time, I will grant you administrative time for this purpose.

The EAP provides initial counseling and referral to facilities geared to assist employees in resolving personal problems or health-related problems. As a supervisor, I support my employees participation in the EAP by granting appropriate leave, and depending on circumstances, considering that participation as a mitigating factor in a disciplinary decision.

You may reply to this proposal orally, or in writing, or both, to the deciding official, Mr. Douglas Hall, Chief, Technical Security Division. You may also submit affidavits or other documentary evidence in support of your reply. If you make arrangements with me in advance, you may have a reasonable amount of official time to prepare your response. If you choose to reply, you must present your reply to Mr. Hall, Room 2472, telephone no. 786-2969, within 10 calendar days after you receive this notice.

Arts and Industries Building Room 1102
900 Jefferson Drive SW
Washington DC 20560-0409
202.786.2969 Telephone
202.786.9955 Fax

Consideration will be given to extending the 10-day reply period if you submit a written request to Mr. Hall describing the need for and length of the extension you desire.

You may review the material in which I have relied in making this proposal, which is available in Room 2472.

If you wish to be represented or accompanied by a representative, you must identify that person, in writing to Mr. Hall, as soon as possible. Any change in your choice of representative also requires written notification. A copy of this proposal is attached for you to give to your representative, if you choose to have one.

This notice is a proposal only and any reply and supporting material you present will be fully considered before a decision is made. You will receive a written decision as soon as practicable after your reply or after the period for replying expires. Until you receive the final decision, you will continue in an active status and should report to work as scheduled.

If you would like advice about your rights or about the procedures to follow, please contact Marie Queen, Human Resources Specialist, 750 9th Street, NW, Suite 6100, telephone 275-1040.

Signature below does not denote employee agreement with this action; it only represents receipt of the proposal to suspend, dated July 10, 2002.

_____          _____
Acknowledgment of Receipt                 Date

8