UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-1055 (ESH) |
| LAWRENCE M. SMALL, | ) | |
| Secretary, Smithsonian Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUR REPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff's filing of a sur reply ("Sur Reply") in response to defendant's reply memorandum ("Def. Reply") in support of defendant's motion to dismiss and for partial summary judgment violates two of this Court's local rules. The brief also is otherwise inappropriate, and should not be considered in ruling on defendant's motion. Even if the Court were to consider plaintiff's inappropriately-filed brief, it adds nothing to plaintiff's case: the arguments in the sur reply are duplicative of the arguments in plaintiff's opposition brief, without merit for the reasons stated in our reply brief, and provide no basis for denying our motion.

1. <u>Violation of LCvR7</u>. Plaintiff filed his sur reply without a supporting motion requesting leave to file the brief. Local Civil Rule 7 does not permit a party to file a sur reply as of right. <u>See</u> <u>Robinson v. Detroit News, Inc.</u>, 211 F.Supp.2d 101, 113 (D.D.C. 2002) (party seeking leave to file a sur reply must file a motion seeking leave). Because plaintiff did not file a motion seeking leave to file, the sur reply is inappropriate and should not be considered. <u>See id.</u> (striking sur reply as unauthorized because plaintiff did not file a motion seeking leave to file a brief).

2.     <u>Violation of LCvR7(m)</u>.  Compounding this violation, plaintiff did not confer with defense counsel as required by Local Civil Rule 7(m).  <u>See</u> LCvR7 ("Before filing any nondispositive motion in a civil action, counsel <u>shall</u> discuss the anticipated motion with opposing counsel, either in person or by telephone . . . .).  Plaintiff's sur reply should not be considered for this reason as well.  <u>See</u> <u>In re Verizon Internet Servs.</u>, 217 F.R.D. 239, 239 (D.D.C. 2003) (striking motion in part for LCvR 7(m) violation).

3.     <u>There is no basis on which to file a sur reply</u>.  Even if plaintiff had filed a motion requesting leave to file a sur reply, that request would have been without merit.  A sur reply is appropriate only in circumstances where the moving party raises new arguments for the first time in a reply.  <u>Lewis v. Rumsfeld</u>, 154 F. Supp.2d 56, 60 (D.D.C. 2001).  Plaintiff does not contend (nor could he) that defendant raised new arguments in his reply.  In fact, plaintiff acknowledges he filed the sur reply "to clarify the legal arguments that Plaintiff made in response to" defendant's <u>opening</u> brief.  <u>See</u> Sur Reply at 1.  That is not an appropriate basis for filing a sur reply.  <u>See</u> <u>Lewis</u>, 154 F.Supp.2d at 60.  For this reason, too, plaintiff's sur reply is inappropriate and should not be considered in ruling on defendant's motion.  <u>See id.</u>; <u>see also</u> <u>Robinson</u>, 211 F.Supp.2d at 113 (striking sur reply in part because it merely reiterated arguments advanced in the opposition).

4.     <u>Plaintiff's arguments, in any event, are meritless</u>.  Plaintiff's sur reply merely repeats arguments made in plaintiff's opposition, arguments which lack merit for the reasons stated in defendant's reply.  At the most basic level, plaintiff continues to confuse the exhaustion requirements for, on the one hand, claims for harassment and/or retaliation, and, on the other hand, claims for hostile work environment.  Those requirements, ironically, are clearly set forth

in plaintiff's long quotation from Judge Facciola's decision in Bowie v. Ashcroft, 283 F.Supp.2d 25 (D.D.C. 2003). See Sur Reply at 2 (discussing, among other things, the Supreme Court's decision in AMTRAK v. Morgan, 536 U.S. 101, 105 (2002)). In any event, our reply brief explained at length the reasons why both plaintiff's retaliation claims and his hostile work environment claims should be dismissed for failure to exhaust. Nothing in plaintiff's sur reply undermines our showing.[1]

Plaintiff, tellingly, makes no effort to address our argument that he settled administratively his claims in this lawsuit relating to his removal. He also acknowledges (finally) our contention that — notwithstanding the allegations in the complaint — he never was suspended.[2] See Sur Reply at 3 n.2. Lastly, defendant does not need "clarity" (id. at 4) about whether plaintiff submitted the settlement agreement under seal. He quite plainly did not.

---

[1]Plaintiff's sur reply appears to concede our argument that he failed to exhaust any discrete claims of retaliation/discrimination, and appears to argue, instead, that the retaliatory and discriminatory acts alleged in the complaint may be considered solely for purposes of his hostile work environment claim. It is true, as we have explained (Reply at 3 n.2), that, for hostile work environment claims, a court may consider acts outside the filing period for purposes of determining liability so long as an act contributing to the claim falls within the filing period. See Morgan, 536 U.S. at 117. But, as we also explained — and as plaintiff does not dispute — a Title VII lawsuit alleging a claim of hostile work environment still is limited to those claims "'like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" Bell v. Gonzales, 2005 U.S. Dist. LEXIS 4913 at *13 (Mar. 25, 2005). Beyond ipse dixit (see Sur Reply at 3 n.1), plaintiff makes no effort to explain how the additional claims of hostile work environment he now seeks to raise somehow "grow out of" the administrative charge he and his representative expressly previously limited to five instances of harassment. Nor has plaintiff ever responded to the argument in our opening brief that he has waived any ability to broaden the administrative charge at this late date (i.e., after extensive administrative litigation, including an evidentiary hearing on the merits before an administrative judge).

[2]Plaintiff's suggestion that he can challenge a proposal to suspend (Sur Reply at 3 n.2) is erroneous. An un-acted-on proposal is not an adverse action. See, e.g., 29 C.F.R. § 1614.107(5).

Defendant has no intention, however, of filing the settlement on the public record unless the Court unseals defendant's prior filing.

For all of these reasons, plaintiff's sur reply should not be considered.

        Respectfully submitted,

        /s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

        /s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

        /s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 305-4851

*OF COUNSEL:*
CRAIG M. BLACKWELL
Assistant General Counsel
Smithsonian Institution
P.O. Box 23286
Washington, D.C. 20026-3286

**CERTIFICATE OF SERVICE**

     I certify that on December 28, 2005, I served the foregoing Defendant's Opposition to Plaintiff's Sur Reply upon Plaintiff's counsel by electronic mail.

/s/
_____
Mercedeh Momeni
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4851