**FILED**

**JUL 1 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. GREEN,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )       Civil Action No. 05-1055(ESH)
                                    )       ECF
LAWRENCE M. SMALL, Secretary,       )
Smithsonian Institution,            )
                                    )
            Defendant.              )
_____)

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to this action, James A. Green ("Plaintiff") and Lawrence M. Small, Secretary

of the Smithsonian Institution ("Defendant") (collectively, the "parties"), hereby enter into the

following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"), pursuant

to LcvR 84.7(d)(2) and (f). In order to resolve the matters in dispute in the above-styled action

without further expense or delay, Plaintiff and Defendant unconditionally agree to the following

terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final

settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff

agrees to accept the terms set forth herein in full satisfaction and settlement of any and all

claims, demands, rights and causes of action of any nature based upon, arising from, or related to

Plaintiff's employment with Defendant, including but not limited to any and all claims Plaintiff

asserted or could have asserted in the above-styled action, based upon acts or events occurring

up to the date this Stipulation is filed with the Court.

2. The Defendant shall, subject to the conditions and limitations set forth herein, pay the

gross amount of forty thousand dollars ($40,000.00), inclusive of all attorney's fees, in full and

final settlement of the above-styled action. The payment of the foregoing sum shall be made payable to Plaintiff and his counsel.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in the above-styled action, including (but not limited to) all claims of violations of Title VII of the 1964 Civil Rights Act, as amended, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation.

4. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or unasserted, against the Defendant, the Smithsonian Institution, and/or its agents, servants or employees, that arose as a result of Plaintiff's employment or other contacts with the Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaints filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in said litigation or claims arising from Plaintiff's employment or other contacts with Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised in this action.

5. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents

2

or representatives concerning any matter related to the same claims or issues he raised in the above-styled action or his employment or other contacts with Defendant of which he knew or should have known as of the date on which he signed this Stipulation.

6. Nothing in this Stipulation affects the settlement agreement dated August 20, 2003, in connection with U.S. Merit Systems Protection Board Docket No. DC-0752-03-0546-I-1, voluntarily entered into by the parties, which remains valid, binding, and, as provided therein, enforceable by the Merit Systems Protection Board.

7. Plaintiff acknowledges that he has read this entire Stipulation, that he understands all of its terms and conditions, and that he is freely and voluntarily entering into this Stipulation. Plaintiff acknowledges that he has been represented in settlement negotiations by his undersigned attorney, Jeffery Taylor, Esq., of the law firm of Snider and Associates, LLC and that Plaintiff's attorney has reviewed and explained the provisions of this Stipulation to Plaintiff's satisfaction, and that Defendant has provided reasonable and sufficient time for this purpose.

8. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

9. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure and Local Rule 84.7(d)(2) and (f).

10. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

3

11. The parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

12. The Parties understand that each Party shall bear its own costs with respect to the above-styled action.

13. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the parties.

14. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

15. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through

their respective counsel of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
JAMES A. GREEN
Plaintiff

KENNETH L. WAINSTEIN (D.C. Bar # 451058)
United States Attorney

_____
JEFFERY C. TAYLOR
(MD Bar # 15528)
Snider & Associates, LLC
104 Church Lane, Ste 201
Baltimore, MD 21208
(410) 653-9060

RUDOLPH CONTRERAS (D.C. BAR #434122)
Assistant United States Attorney

MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 305-4851

*Attorneys for Plaintiff*

*Attorneys for Defendant*

SO ORDERED, this _____ Day of July 2006.

ELLEN SEGAL HUVELLE
U.S. District Court Judge

5